419 A.2d 133

**COMMONWEALTH of Pennsylvania**

v.

**Charles Francis TERRELL, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed March 14, 1980.

138

Paulette J. Balogh, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends that trial counsel was ineffective because he failed to: 1) request instructions on the defense of self–defense; and 2) file a petition for reconsideration of sentence. We remand for reconsideration of sentence.

On September 11, 1975, a jury convicted appellant of voluntary manslaughter. The Supreme Court, holding that the trial court erred in refusing to instruct the jurors on involuntary manslaughter, reversed and remanded for a new trial. *See Commonwealth v. Terrell,* 482 Pa. 303, 393 A.2d 1117 (1978). On February 9, 1979, a jury convicted appellant of involuntary manslaughter. Appellant did not file post–verdict motions, and the trial court sentenced appellant to a term of imprisonment of 2½ to 5 years. This appeal followed.

Appellant contends that trial counsel was ineffective for failing to request the trial court to instruct the jurors on the defense of self–defense and in failing to raise this error in post–verdict motions.* At trial, appellant testified that he had been in an argument with the victim, who then drew a gun and pointed it at appellant's chest. Appellant grabbed the pistol and, in the struggle, pulled the trigger, fatally wounding the victim. Commonwealth witnesses testified that appellant, without provocation, drew a gun and shot the victim, who was unarmed.

Counsel is not ineffective if he fails to pursue a course of action which is without foundation in law and certain to fail. *See, e.g., Commonwealth v. Roach,* 479 Pa. 528, 388 A.2d 1056 (1978). In order for instructions on self–defense to be appropriate, some evidence of this defense, from any source, must have been presented. *See, e.g., Commonwealth v. Good,* 481 Pa. 529, 393 A.2d 30 (1978). A person may decide to use deadly force only if he believes it

* Appellant is here represented by counsel other than trial counsel. Accordingly, because this appeal is appellant's first opportunity to challenge trial counsel's assistance, these issues are preserved for review. *Commonwealth v. Hubbard,* 472 Pa. 259, 276 n.6, 372 A.2d 687, 695 n.6 (1977).

necessary to protect himself from serious injury. See 18 Pa.C.S.A. § 505; *Commonwealth v. Irwin*, 475 Pa. 616, 381 A.2d 444 (1977). The Commonwealth's evidence indicated that, rather than acting to protect himself from serious injury, appellant had killed the victim without provocation. Moreover, appellant's evidence did not show that he had acted in self–defense. Some of his testimony indicated that the killing was accidental. Some of his testimony indicated that he had intentionally shot the victim. This testimony showed that he was in control of the gun and, therefore, not acting to protect himself from danger. Thus, there was no evidence that appellant had acted in self–defense. Accordingly, the trial court need not have instructed on that defense, *see Commonwealth v. Pavilard*, 421 Pa. 571, 220 A.2d 807 (1966) (no evidence of homicide by misadventure); *Commonwealth v. Robinson*, —— Pa.Super. ——, 425 A.2d 752 (1980) (no evidence of renunciation of participation in conspiracy), and counsel was not ineffective in failing to request instructions on this defense or in failing to file post–verdict motions raising this issue. *See Commonwealth v. Roach, supra.*

 Appellant argues also that trial counsel was ineffective for failing to file a petition for reconsideration of sentence. He argues that the court did not comply with the requirements of *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), and *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976), which require the sentencing court to consider the length of confinement necessary for protection of the public, the gravity of the offense and the character and rehabilitative needs of the defendant, and to state its reasons on the record for the sentence imposed. The trial court's stated reasons for the sentence were that "this was an unnecessary killing . . . [the jury] could well . . have found him guilty . . . of first degree murder . . . I think the jury was very charitable. . . . I realize that [appellant] had never been in trouble before, but a man is dead and another man has lost his eye."

The trial court's reasons are insufficient to satisfy the requirements of *Riggins* and *Martin*. The court made no

mention of the character or rehabilitative needs of appellant and did not explain why the sentence imposed is the least necessary for protection of the public. Without such reasons on the record, this Court cannot determine whether, as appellant also asserts, the sentence imposed is excessive. *See Commonwealth v. Weakland,* 273 Pa.Super. 361, 417 A.2d 690 (1979).

Trial counsel is ineffective if the course of action he pursues has no reasonable basis for promoting the interests of his client. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). Appellant's counsel could have had no rational reason for failing to file a petition for reconsideration of sentence. *Riggins* and *Martin* had been decided years earlier, and a diligent attorney would have been aware of their holdings. Because the trial court had imposed the maximum sentence available for involuntary manslaughter, *see* 18 Pa.C.S.A. § 106, reconsideration of sentence could not have resulted in a harsher penalty than that already received. Thus, counsel's failure had no basis designed to advance his client's interests. Accordingly, we remand for reconsideration of sentence.

Judgment of sentence vacated and case remanded for reconsideration of sentence.

VAN der VOORT, J., concurs in the result.