471 A.2d 551

COMMONWEALTH of Pennsylvania

v.

**David BAILEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 7, 1983.

Filed Feb. 3, 1984.

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before BROSKY, MONTGOMERY and CERCONE, JJ.

CERCONE, Judge:

Appellant was convicted after a jury trial of simple assault. Post-trial motions were filed, argued and denied. Appellant was sentenced to one year of probation and fined $100.00 and directed to pay the costs of prosecution and make restitution. From the judgment of sentence appellant has filed this appeal raising two issues. Before addressing appellant's contentions a factual review of the case is necessary.

Paula Kiehl was in a barroom, waiting for her boyfriend, Glen Kuhns. According to the prosecution's witnesses, after Kuhns arrived appellant David Bailey and a friend of his, David Matos, approached Kiehl and Kuhns. Bailey and Matos inquired of the couple's relationship, and then Matos grabbed Kiehl's arm provoking Kuhns to strike Matos. Bailey interceded on behalf of Matos and other patrons broke up the brawl. The defense claimed that Matos never grabbed Kiehl, but instead appellant became violent when

Matos stated he thought Kiehl was good looking and that he did not care if Kuhns was her boyfriend.

Kiehl and Kuhns left the bar and according to their testimony, the following occurred. A short distance from the bar, and only five minutes later, they again encountered Matos and Bailey. Appellant pushed Kuhns up against the wall but relented from further aggression at Matos' insistence. Matos and Kuhns resolved their differences and apologized to each other and shook hands. Bailey then struck Kuhns, knocking him to the ground rendering him unconscious. Kuhns incurred a broken jaw and required six or eight stitches. His jaw was wired shut for six weeks.

The appellant's recollection of the events differed drastically. According to both Matos and Bailey, they, individually and inadvertently, came upon Kiehl and Kuhns the second time. Matos approached Kuhns to inquire why he, Kuhns, had struck Matos. Bailey arrived upon the scene and believed that Kuhns was going to again hit his friend Matos, and he decided to step into the discussion. At that point Kuhns pushed Bailey and attempted to hit him. In self-defense, Bailey struck back.

Defense counsel requested the court to instruct the jury concerning the defense of self-defense, as codified at 18 Pa.C.S.A. § 505(a):

§ 505. Use of force in self-protection

(a) Use of force justifiable for protection of the person. —The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.

However, the court refused the request, and instead instructed the jury to consider the defense of justification, 18 Pa.C.S.A. § 503(a), which reads as follows:

§ 503. Justification generally

(a) General rule.—Conduct which the actor believes to be necessary to avoid a harm or evil to himself or to another is justifiable if:

(1) the harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged;

(2) neither this title nor other law defining the offense provides exceptions or defenses dealing with the specific situation involved; and

(3) a legislative purpose to exclude the justification claimed does not otherwise plainly appear.

After the charge was given, defense counsel renewed his request for a § 505 charge and his objection to a charge pursuant to § 503. Appellant contends on appeal that the charge was improper and therefore he is entitled to a new trial. We agree.

Before self defense may be at issue, there must be some evidence, from whatever source, to justify a finding of self defense. *Commonwealth v. Webster,* 490 Pa. 322, 416 A.2d 491 (1980); *Commonwealth v. Black,* 474 Pa. 47, 376 A.2d 627 (1977); *Commonwealth v. Terrell,* 276 Pa.Superior Ct. 136, 419 A.2d 133 (1980); *Commonwealth v. Jones,* 231 Pa.Superior Ct. 300, 332 A.2d 464 (1974). A jury charge on self defense must be given upon request where the jury would have a possible basis for finding self defense. *Commonwealth v. Brown,* 491 Pa. 507, 421 A.2d 660 (1980). If there is evidence presented that could support a claim of self defense, it is up to the fact-finder to pass upon its creditibility and therefore it is improper for a trial court to exclude such consideration by refusing a charge thereon. *Id.*

In the current case, the defense claimed that the victim renewed the violence. Both appellant and Matos testified that appellant's assault on Kuhns was a response to Kuhns unprovoked aggressiveness towards appellant. The trial court however charged the jury that appellant's assault on the victim could not be justified unless it was

necessary to avoid a harm to appellant greater than simple assault. Such charge is contrary to our holding in *Commonwealth v. Rittle*, 285 Pa.Superior Ct. 522, 428 A.2d 168 (1981).

In *Rittle*, the victim, who was much larger then the allegedly sickly defendant, approached the defendant's car and threaten to beat up the defendant. The defendant in return, reached into his back seat, produced a gun and pointed it at the victim and the victim walked away. No shots were fired. The trial court refused to charge the jury on self defense and the defendant was found guilty of simple assault. This court held that the jury could have concluded that the victim was the initial aggressor who attempted to place the defendant in fear of imminent serious bodily injury and such could amount to simple assault. Therefore, the defendant was entitled to an instruction on the use of self-defense.

Similarly here, the jury could have concluded that the simple assault upon Kuhns was a self-defense reaction to Kuhns' assault on appellant. However, the jury was not properly instructed on such theory of self-defense, but instead was instructed pursuant to § 503 to weigh the relative harm of the parties conduct. However, § 503(a)(2) provides that § 503 does not apply to a situation if another section provides a defense to the situation. As we hold here that § 505 applies to the facts of this case, the charge given was therefore improper and a new trial is required.

■ Appellant's second complaint is with the admission of hospital bills, which he claims were irrelevant. The admission of such evidence rests within the discretion of the trial judge and here we can find no abuse of such discretion. *See Commonwealth v. Miller*, 268 Pa.Superior Ct. 123, 407 A.2d 860 (1979).

Judgment of sentence is reversed and a new trial is granted.