554 A.2d 939

**COMMONWEALTH of Pennsylvania**

**v.**

**Christopher MAIONE, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1988.

Filed Feb. 6, 1989.
Petition for Allowance of Appeal Denied
Aug. 3, 1989.

48

Del Sole, J., concurred and filed opinion.

Kelly, J., concurred and filed statement.

Dante G. Bertani, Public Defender, Washington, for appellant.

Almon S. Burke, Assistant District Attorney, Washington, for Com., appellee.

Before OLSZEWSKI, DEL SOLE and KELLY, JJ.

OLSZEWSKI, Judge:

■ This is an appeal from a judgment of sentence after appellant was found guilty of aggravated assault and recklessly endangering another person. Appellant makes several allegations of error on behalf of the trial court and the Commonwealth.[1] For the reasons stated below, we affirm the judgment of sentence.

The trial court adequately stated the facts as follows:

1. Appellant argues the following issues:
    (1) Did the trial court err in denying defendant's motion to dismiss for failure of the Commonwealth to bring defendant to trial within 180 days in accord with Pa.R.Crim.P., Rule 1100?
    (2) Did the trial court err in refusing to grant defendant's motion to limit the prosecution testimony to proof only of intentional acts by the defendant?
    (3) Did the prosecuting attorney commit prejudicial error in her closing remarks by:
        (a) Advising the jury that the defendant was different than she and the jury and if he were a person like you and me he wouldn't be here;
        (b) Commenting upon defendant's silence by advising the jury the defendant could have gone to the police and said it was an accident;
        (c) Calling the defendant a liar.
    (4) Did the trial court err by refusing to instruct the jury on justification and self-defense as requested by the defendant?

The facts, as determined during the course of trial begin on the morning of April 12, 1986 at approximately 2:00 a.m. The defendant, Christopher Maione, 25 years old, had departed Smitty's Bar/Restaurant in the Borough of Speers, Washington County, Pennsylvania at closing time. The defendant proceeded across the street to a parking lot in front of Wince's garage where his vehicle was parked. The defendant was then approached by the victim, James Livingstone, 22 years old, and his companion Donald Miller. Mr. Livingstone, an employee at Wince's garage, tol ı the defendant that he shouldn't park there or he would be fined and towed. Words were exchanged, and a brief argument took place between the defendant and Mr. Livingstone. The defendant then drove away alone.

Mr. Livingstone was parked in the parking lot in front of Smitty's Bar. After approximately a minute or so the victim, while beginning to get in his car, observed a vehicle headlights on, approaching. The vehicle continued moving until it stopped in the center of the road across from the victim. The vehicle was driven by the defendant. At that point in time the defendant yelled out from the window of his vehicle for the victim to come over to the car. Mr. Livingstone noticed a second person in the car later identified as one Phillip Jeanmenne, an employee of the Back Porch restaurant located approximately a block away from the scene.

Upon being called by the defendant, Mr. Livingstone began to walk across the front of the vehicle. The victim was not carrying any weapons at the time but did have a leather penknife sheath on his belt approximately three (3) inches long. The knife was not exposed. The defendant's headlights were still on. After the victim had

Appellant raises three other issues in his brief that were also raised in his written post-trial motions. During argument of appellant's post-trial motions, however, only those issues above were actually argued before the trial court. Therefore, the three remaining assignments of error not argued before the trial court, but which have been included in appellant's brief, are waived and will not be reviewed on appeal. *Commonwealth v. Holzer,* 480 Pa. 93, 389 A.2d 101 (1978).

walked across the front of the vehicle to the front left corner of said vehicle, the vehicle suddenly revved its motor, turned to the left and accelerated forward. The vehicle knocked the victim to the ground and the front wheels of the car ran over his lower back and the rear wheels ran over his legs. The vehicle then fled the scene, headlights on. The victim's companion, Donald Miller, corroborated the testimony of the victim at trial.

Trial court opinion at 2–4.

On May 15, 1986, appellant was charged with criminal attempt to commit murder, aggravated assault and recklessly endangering another person. Appellant was arrested on July 28, 1986. A preliminary hearing was held on August 29, 1986, and appellant was bound over for court on all charges.

Appellant then filed a motion to suppress identification and an application to quash and dismiss Commonwealth's information under Rule 1100. Both pre-trial motions were denied. Appellant then proceeded to a jury trial on December 1, 1986. On December 5, 1986, appellant was found guilty of aggravated assault and recklessly endangering another person. Post-trial motions were denied, and appellant was sentenced on February 25, 1986, to a term of imprisonment totaling two and one-half to six years. Timely motions to reconsider the sentence were filed and denied. Appellant then filed the instant appeal.

Appellant initially contends that the trial court erred by failing to dismiss the charges against him on failure of the Commonwealth to bring appellant to trial within 180 days in accord with Pa.R.Crim.P., Rule 1100, 42 Pa.C.S.A. The complaints involved in the case at bar were filed on May 15, 1986. The Commonwealth, therefore, had until November 10, 1986, to bring appellant to trial. On October 24, 1986, however, the Commonwealth filed an application under Rule 1100(c) to extend the time it had to commence trial. On that date the court set a Rule, returnable by November 10, 1986, at which time appellant was to appear and file an answer, which he failed to do. Therefore, the court granted

Commonwealth's application and ordered that trial commence on November 17, 1986. Due to an assignment of another case, however, the trial judge was unable to hear the instant case throughout the remainder of the term. The case was, therefore, rescheduled for the first day of the next trial term, December 1, 1986. On that date appellant filed a pre-trial motion to dismiss pursuant to Rule 1100. At the conclusion of the hearing on this matter, the trial court dismissed this motion. We must now determine whether this was proper.

Appellant argues that t he requirements set forth in *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), have not been fulfilled; therefore, it was error to grant the Commonwealth's application to extend and to deny appellant's motion to dismiss pursuant to Rule 1100. As our Supreme Court has stated in *Mayfield:*

> ... (t)he trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the "due diligence" of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided.

*Id.*, 469 Pa. at 222, 364 A.2d at 1349–1350.

■ Utilizing the above procedure, appellant claims that the court erred in granting the Commonwealth's petition to extend without any evidence of due diligence being placed on the record. We disagree. The lack of a record prior to the granting of the Commonwealth's petition to extend was solely caused by appellant's failure to appear and file an answer on November 10, 1986. Had appellant appeared as requested, a hearing would have taken place at that time and a record established. Moreover, we are convinced that due diligence was shown by the Commonwealth in this matter. In assessing whether due diligence has been met, the Commonwealth has the burden, by a preponderance of the evidence, of showing it has met the requirements of

Rule 1100(c). *Commonwealth v. Hollingsworth,* 346 Pa. Super. 199, 206, 499 A.2d 381, 384 (1985). Further, on review of a trial court's ruling that the Commonwealth has met its burden, we consider only the evidence presented by the Commonwealth and so much evidence, as fairly read in the context of the record as a whole, remains uncontradicted. *Id.*

■ On December 1, 1986, a pre-trial hearing was held in which appellant's Rule 1100 arguments were fully discussed. A review of the record of this proceeding clearly reveals that the delays encountered in bringing appellant to trial were due not to a lack of diligence on the part of the Commonwealth, but due to the unavailability of the appellant and judicial unavailability occasioned in part by a crowded court docket. Moreover, the record demonstrates that trial was scheduled for the earliest date consistent with the court's business. Accordingly, we find that the Commonwealth fully complied with the requirements of *Mayfield* and Rule 1100. Therefore, it is clear that the trial court did not err in granting the Commonwealth's petition to extend, nor did it err in denying appellant's motion to dismiss.

■ Next, appellant alleges that the trial court erred by failing to limit the prosecution testimony to proof only of intentional acts by appellant. Appellant argues that the Commonwealth specifically chose to charge appellant with intentional acts and, therefore, was required to prove intent. This argument lacks merit. A review of the record indicates that the information filed by the Commonwealth on September 22, 1986, charging aggravated assault and recklessly endangering another person, specifically mentioned knowing or reckless behavior. Accordingly, this argument must be rejected.

■ Appellant's next contention is based on certain statements made by the prosecuting attorney during her closing argument. Appellant argues that these statements amount to prosecutorial misconduct which the trial court failed to

cure in its charge to the jury. Specifically, the prosecution said, among other things, that the appellant had lied about knowing of the victim's injuries before the date of his arrest. Appellant had testified that he had first learned that the victim was injured on July 27, 1986, the day of his arrest. In rebuttal, the Commonwealth called Officer Ottie Caruso who testified that he had spoken with appellant by phone on April 15, 1986, explaining what had happened. Caruso requested that appellant come down to the police station to answer a few questions, which appellant failed to do. Further, testimony was introduced that the vehicle appellant had been driving on the day of the incident had been impounded in front of his house, contrary to what appellant had testified to at trial. Therefore, the statements of the prosecutor, taken in the context of what was adduced at trial, were meant to show the discrepancy between the testimony of the appellant and that of Officer Caruso concerning when appellant had actually learned of the instant crimes. Accordingly, we find no error.

Upon reviewing the impact of the prosecutor's statements in the present case, we are guided by our Supreme Court's pronouncement in *Commonwealth v. Stoltzfus*, 462 Pa. 43, 61, 337 A.2d 873, 882 (1975):

... Where the language of the district attorney is intemperate, uncalled for and improper, a new trial is not necessarily required. *Commonwealth v. Crittenton*, 326 Pa. 25, 31, 191 A. 358 (1937); *Commonwealth v. McHugh*, 187 Pa.Super. 568, 577, 145 A.2d 896 (1958). The language must be such that its "unavoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict." *Commonwealth v. Simon*, 432 Pa. 386, 394, 248 A.2d 289, 292 (1968). *See also, Commonwealth v. Meyers*, 290 Pa. 573, 139 A. 374 (1927). The effect of such remarks depends upon the atmosphere of the trial, *Commonwealth v. Dickerson*, 406 Pa. 102, 110, 176 A.2d 421 (1962); *Commonwealth v. Del Giorno*, 303 Pa. 509, 519,

154 A. 786 (1931), and the proper action to be taken is within the discretion of the trial court. *Commonwealth v. Silvis,* 445 Pa. 235, 237, 284 A.2d 740 (1971); *Commonwealth v. Simon, supra* ...

*Commonwealth v. Johnson,* 516 Pa. 527, 533–534, 533 A.2d 994, 997 (1987).

Applying this test, we are to determine whether the mental bias of the jury has been so "fixed" as to implicate the truth-finding function itself. *Id.* In the case at bar, we are not persuaded by appellant that the prosecutor's remarks denied him a fair trial. The statements of the prosecutor related only to the discrepancy between the testimonies of appellant and Officer Caruso regarding when appellant actually learned of the charges against him. This discrepancy could be reasonably derived from the evidence adduced at trial. Further, the trial court was very careful in instructing the jury as to these matters. Accordingly, we find no error which would require a new trial.

Finally, appellant contends that the trial court erred in refusing to instruct the jury on justification and self-defense. Appellant's counsel requested the trial court to charge on justification and self-defense prior to closing argument and again just prior to the charge to the jury. Both times the court refused this request. On appeal, appellant contends this was error and, therefore, he is entitled to a new trial. We disagree.

As a panel of this Court has recently stated:

Before self defense may be at issue, there must be some evidence, from whatever source, to justify a finding of self defense. *Commonwealth v. Webster,* 490 Pa. 322, 416 A.2d 491 (1980); *Commonwealth v. Black,* 474 Pa. 47, 376 A.2d 627 (1977); *Commonwealth v. Terrell,* 276 Pa.Super. 136, 419 A.2d 133 (1980); *Commonwealth v. Jones,* 231 Pa.Super. 300, 332 A.2d 464 (1974). A jury charge on self defense must be given upon request where the jury would have a possible basis for finding self defense. *Commonwealth v. Brown,* 491 Pa. 507, 421 A.2d 660 (1980). If there is evidence presented that could

support a claim of self defense, it is up to the fact-finder to pass upon its credibility and therefore it is improper for a trial court to exclude such consideration by refusing a charge thereon. *Id.*

*Commonwealth v. Bailey*, 324 Pa.Super. 236, 240, 471 A.2d 551, 553 (1984).

In order to legally establish one's right to self-defense and the use of deadly force, three factors must be shown to have existed at the time of the incident:

First, the actor must have reasonably believed himself to be in imminent danger of death or serious bodily harm, and that it was necessary to use deadly force against the victim to prevent such harm. Second, the actor must have been free from fault in provoking or continuing the difficulty which resulted in the slaying. Third, the actor must have violated no duty to retreat. 18 Pa.C.S.A. § 505; *Commonwealth v. McGuire*, 487 Pa. 208, 409 A.2d 313 (1979); *Commonwealth v. Black*, [474 Pa. 47, 376 A.2d 627 (1977)]; *Commonwealth v. McComb*, 462 Pa 504, 341 A.2d 496 (1975).

*Commonwealth v. Brown*, 491 Pa. 507, 511–512, 421 A.2d 660, 662 (1980). *See also Commonwealth v. Molina*, 358 Pa.Super. 28, 516 A.2d 752 (1986).

■ Utilizing the above analysis, we are inclined to agree with the trial court that, as a matter of law, appellant was not entitled to a jury charge of self-defense. First, the only evidence introduced which would tend to show that appellant was placed in a position to use deadly force was his testimony that Phillip Jeanmenne told him that the victim had a knife or a gun. Appellant never actually saw a weapon, however, and Jeanmenne testified he told appellant this story to avoid a confrontation. Moreover, appellant was in a car while the victim was on foot; thus, appellant could have simply driven away from the scene. In light of this evidence, it can hardly be said that appellant's belief that he was in danger of imminent bodily harm was reasonable.

Second, it is entirely clear from the record that appellant was not free from fault in provoking or continuing the difficulty resulting in the injuries to the victim. By appellant's own testimony, three confrontations took place the night of the incident. The first two incidents occurred when appellant arrived and left the bar. After the second incident, appellant left only to return to the scene with a second person, Phillip Jeanmenne. According to appellant, he requested Jeanmenne's presence so as not to be outnumbered. Therefore, it is clear that appellant, at least during the third confrontation, had become the aggressor.

Finally, no evidence was introduced which would indicate that appellant made any attempt to retreat. After the second confrontation, appellant was free to leave and not return. The fact that he chose to return to the scene with a second person, however, clearly shows that he did not wish to retreat. In fact, it clearly shows that appellant had become the aggressor. Accordingly, the trial court committed no error by refusing appellant's request for a jury instruction on justification and self-defense. This claim, therefore, must be rejected.

JUDGMENT OF SENTENCE AFFIRMED.

DEL SOLE, J., concurs.

KELLY, J., files a concurring statement.

DEL SOLE, Judge, concurring:

After completing a review of the transcript in this case I believe that the trial court was correct in not charging on self defense or justification. However, the basis for my reasoning is somewhat different than that advanced in the Majority Opinion. Specifically, the defendant testified at length that his striking the victim with his automobile was accidental and not intentional. The following statements by the defendant appeared various places in the record:

... I got nervous and scared ... I put my car in drive, I pressed on the gas and my wheels did jerk to the left, ... and when I looked up he was standing there, he was

actually standing there. I tried to miss this guy ... he was just there, he just happened to be there and God forbid, I'd do anything I can to help him, it just happened in such a way, I tried to miss him ...

(Record p. 238)

Q. Did you try to drive into hit Mr. Livingstone?

A. No, never, I would never in my life try to do something like that. I would do anything for this kid, anything that I could possibly. I feel so bad. I prayed and I did a lot of things.

Q. Did you want to hit him?

A. No way.

(Record p. 240)

[by defendant] ... I looked up and he was standing right on the corner, the left front fender. When I seen him it was like it shocked me and I tried to swerve away from him, and I just kept going. (Record p. 261)

A charge on self defense must be given upon request where the jury would have a possible basis for finding self defense. *Commonwealth v. Bailey,* 324 Pa.Super. 236, 471 A.2d 551 (1984). However based upon the testimony of the defendant, it appears that his defense at trial consisted of a claim that the incident was an accident. He testified that he did not attempt to use any force against the victim. Thus, I believe that there was no evidence that the defendant acted in self-defense. *See: Commonwealth v. Terrell,* 276 Pa.Super. 136, 419 A.2d 133, 134 (1980), (where the defendant was not entitled to a self-defense charge when he testified that he shot the victim accidentally and further testimony indicated that he had intentionally shot the victim without acting to protect himself from danger); and, *Commonwealth v. Percell,* 274 Pa.Super. 152, 161–162 fn. 5, 418 A.2d 340, 345–346 fn. 5 (1979) (where the court ruled that the denial of a self-defense instruction was proper since the appellant's testimony that he fire shots into the air, but not at the victim did not suggest that he was defending himself), reversed on other grounds 499 Pa. 589, 454 A.2d 542 (1982). Since I do not believe the record contains evidence, from

any source, that the defendant in this case acted in self-defense, I concur in the Majority's decision to affirm the trial court's ruling on this matter.

KELLY, Judge, concurring statement:

I join in Judge Olszewski's cogent opinion. Appellant's own version of the facts clearly demonstrated that he was not free from fault in provoking or continuing the difficulty which led to the final deadly confrontation; hence, he was not entitled to a jury instruction on the issue of self-defense. *See Commonwealth v. Butler,* 516 Pa. 522, 533 A.2d 992 (1987) *reversing* 359 Pa.Super. 626, 515 A.2d 616 (1986) (per curiam order and memorandum, unpublished) (Kelly, J., dissenting); *accord Commonwealth v. Grove,* 363 Pa.Super. 328, 346, 526 A.2d 369, 378 (1987) (jury instructions are only to be given when there is evidence to support such a charge); *Commonwealth v. Alvin,* 357 Pa.Super. 509, 522, 516 A.2d 376, 383 & n. 3 (1986) (*en banc*) (unanimously affirming that a valid claim of self-defense cannot be established when the evidence reveals that the defendant was not "free from fault in provoking or continuing the difficulty which resulted in the injury;" collecting and analyzing cases).