639 A.2d 1194

**COMMONWEALTH of Pennsylvania**

v.

**Sidney WILSON, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 20, 1994.

Filed April 5, 1994.

John P. Joergensen, Philadelphia, for appellant.

Michael Erlich, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before WIEAND, HUDOCK and SAYLOR, JJ.

WIEAND, Judge.

Sidney Wilson was tried by jury and was found guilty of third degree murder and possession of an instrument of crime.[1] Post-trial motions were denied, and Wilson was sentenced to serve concurrent terms of imprisonment of not less than six (6) years nor more than twelve (12) years for third degree murder and not less than one (1) year nor more than five (5) years for possessing an instrument of crime. On direct appeal from the judgment of sentence, the sole issue raised by Wilson is whether the trial court erred by denying a defense request for a jury instruction on self-defense. After careful review, we reverse and remand for a new trial.

At trial, the Commonwealth presented evidence which established that, on November 28, 1989, at or about 4:30 p.m., appellant drove to the intersection of Cumberland and Garnet Streets in Philadelphia, where Stacey Sharpe, Owen Snipe and Keenan Evans were standing and talking. Appellant approached the three men and asked, "Who is Stacey?" When Sharpe identified himself, appellant pulled out a .38 caliber revolver, put it to Sharpe's chest and ordered Sharpe to "give it all up." Sharpe raised his hands, and appellant took from him what appeared to be money. Thereafter, Sharpe attempt-

---

1. The trial court sustained a demurrer to a charge of recklessly endangering another person, and the jury found Wilson not guilty of charges of robbery and aggravated assault.

ed to take the gun away from appellant. A brief struggle ensued, and when appellant began to run away, Sharpe pursued him. Appellant turned and shot Sharpe in the chest, inflicting a fatal wound.

A different version of events was presented by appellant, who testified in his own defense. Appellant said that, on the morning of the shooting, he had taken his friend's car and was driving around in North Philadelphia. During these travels, appellant was told that he could purchase cocaine on the corner of Cumberland and Garnet Streets from a man named Stacey. Appellant testified that he went to that corner and asked the men standing there, "Who is Stacey?" In response, Sharpe identified himself and asked appellant "how much do you need?" At this point, according to appellant, Owen Snipe told Sharpe not to serve appellant and punched appellant in the face. Appellant punched Snipe in return, after which Sharpe pulled a gun from his jacket pocket. Appellant grabbed for the gun and he and Sharpe began to struggle for possession. As they continued to struggle, the gun was discharged into the air. The events which followed were described by appellant as follows:

> Then we began to tussle even harder. I then grabbed the handle of the gun and flipped it around and I snatched it. I had the gun in my hand. Stacey snatched it back, tried to snatch it back anyway. We were tussling for the gun. While we were tussling for the gun, it was like a tug of war. I was pulling and pulling and [either] I tripped on the curb or he got tripped over my feet but I fell. When I fell, I fell hitting my elbow and the gun went off.

Appellant testified further that when the gun discharged, Sharpe was standing over him, attempting to wrestle the gun away from him. After Sharpe was shot, appellant ran back towards the car, hearing two more gun shots as he fled.

At the conclusion of the trial court's instructions to the jury, defense counsel requested an instruction on self-defense. The trial court refused the requested instruction, holding that it was not appropriate under the evidence presented. On appeal, it is argued that the trial court's refusal to instruct on

self-defense was error. Appellant contends that his own testimony was sufficient to create a self-defense issue. Although he concedes that his testimony indicated an accidental killing, he argues that nevertheless he was entitled to a jury instruction on self-defense "because the shooting occurred at a time and under circumstances that would have permitted a reasonable person to use deadly force to protect himself." The Commonwealth, for its part, takes the position that appellant's defense was that the killing was accidental, without any evidence that appellant had used the gun to protect himself.

"While the jury must serve as the sole finder of fact, the trial court has a duty to frame legal issues for the jury and instruct the jury on the applicable law." *Commonwealth v. Hart,* 388 Pa.Super. 484, 492, 565 A.2d 1212, 1216 (1989). "A jury instruction given by the trial court will be upheld so long as it 'sufficiently and accurately apprises a lay jury of the law it must consider in rendering its decision.'" *Commonwealth v. Calderini,* 416 Pa.Super. 258, 266, 611 A.2d 206, 210 (1992), quoting *Commonwealth v. Prosdocimo,* 525 Pa. 147, 154, 578 A.2d 1273, 1276 (1990). "A trial court is not obliged to instruct a jury upon legal principles which have no applicability to the presented facts. There must be some relationship between the law upon which an instruction is [requested] and the evidence presented at trial." *Commonwealth v. Tervalon,* 463 Pa. 581, 593, 345 A.2d 671, 678 (1975). See also: *Commonwealth v. Snoke,* 525 Pa. 295, 302, 580 A.2d 295, 298 (1990); *Commonwealth v. Schaller,* 493 Pa. 426, 430, 426 A.2d 1090, 1092 (1981). Nevertheless, "'[a] defendant is entitled to an instruction on any recognized defense which has been requested, which has been made an issue in the case, and for which there exists evidence sufficient for a reasonable jury to find in his or her favor.'" *Commonwealth v. Borgella,* 531 Pa. 139, 142, 611 A.2d 699, 700 (1992), quoting *Commonwealth v. Weiskerger,* 520 Pa. 305, 312–313, 554 A.2d 10, 14 (1989).

In *Commonwealth v. Mayfield,* 401 Pa.Super. 560, 585 A.2d 1069 (1991), the Superior Court, sitting en banc, reviewed extensively the requirements that a defendant must meet in

32

order to be entitled to a jury instruction on self-defense. The Court observed:

> Before the issue of self-defense may be submitted to a jury for consideration, a valid claim of self-defense must be made out as a matter of law, and this determination must be made by the trial judge. Such claim may consist of evidence from whatever source. "Such evidence may be adduced by the defendant as part of his case, or conceivably, may be found in the Commonwealth's own case in chief or be elicited through cross-examination." *Commonwealth v. Rose*, 457 Pa. 380, 389, 321 A.2d 880, 884 (1974) (similarly discussing the type of evidence necessary to place in issue a defense of intoxication). However, such evidence from whatever source must speak to three specific elements for a claim of self-defense to be placed in issue for a jury's consideration.
>
>> Thus, as provided by statute and as interpreted through our case law, to establish the defense of self-defense it must be shown that a) the slayer was free from fault in provoking or continuing the difficulty which resulted in the slaying; b) that the slayer must have reasonably believed that he was in imminent danger of death or great bodily harm, and that there was a necessity to use such force in order to save himself therefrom; and c) the slayer did not violate any duty to retreat or to avoid the danger. *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976); *Commonwealth v. Cropper, supra* [463 Pa. 529, 345 A.2d 645] (1975).
>
> *Commonwealth v. Black*, 474 Pa. 47, 52, 376 A.2d 627, 630 (1977). If there is any evidence from whatever source that will support these three elements then the decision as to whether the claim is a valid one is left to the jury and the jury must be charged properly thereon by the trial court.
>
> Our case law makes it crystal clear that the charge of self-defense must be given upon request where the jury would have a possible basis for finding it. See *Commonwealth v. Black*, 474 Pa. 47, 376 A.2d 627 (1977).

While there is no burden on the defendant to prove a claim of self-defense, it is nevertheless required that before such a defense is properly in issue at trial, there must be some evidence, from whatever source, to justify such a finding. *Commonwealth v. Black, supra,* 474 Pa. at 53, 376 A.2d at 630. See also *Commonwealth v. Walley,* 466 Pa. 363, 367, n. 2, 353 A.2d 396, n. 2 (1976); *Commonwealth v. Cropper,* 463 Pa. 529, 537–538, 345 A.2d 645, 649 (1975).

Thus, if there was evidence which would have supported the claim of self-defense, it was for the trier of fact to pass upon that evidence and improper for the trial judge to exclude such consideration by refusing the charge. *Commonwealth v. Gonzales,* 463 Pa. 597, 345 A.2d 691 (1975); *Commonwealth v. Lowe,* 460 Pa. 357, 333 A.2d 765 (1975).

*Commonwealth v. Brown,* 491 Pa. 507, 512, 421 A.2d 660, 662 (1980); *in accord, Commonwealth v. Bailey,* 324 Pa.Super. 236, 471 A.2d 551 (1984) and *Commonwealth v. Maione,* 382 Pa.Super. 47, 554 A.2d 939 (1989). This is so even though the evidence of self-defense may appear to the trial court as not credible, for "it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced ... The fact finder is free to believe all, part, or none of the evidence." *Commonwealth v. Rose,* 463 Pa. 264, 268, 344 A.2d 824, 826 (1975).

*Commonwealth v. Mayfield, supra,* 401 Pa.Super. at 564–565, 585 A.2d at 1070–1071.

Several cases have considered the necessity for a jury instruction on self-defense where a defendant's testimony indicates an accidental killing. In *Commonwealth v. Butler,* 340 Pa. 162, 16 A.2d 7 (1940), the defendant testified that she had accidentally hit the trigger of a shotgun, causing it to discharge and kill her husband. In rejecting an argument that the jury should have been instructed on self-defense, the Supreme Court said:

At the trial there was no pretense that anything but "accidental killing" was relied on as a defense. The defendant

by her own testimony claimed that the killing was an accident. It was for this reason that the learned trial court very properly omitted to charge the jury as to the law on self-defense. Furthermore, no request was made for such a charge.

*Commonwealth v. Butler, supra* at 166, 16 A.2d at 8.

A factual situation similar to that of the instant case was before the Supreme Court in *Commonwealth v. Webster*, 490 Pa. 322, 416 A.2d 491 (1980). In that case, the Commonwealth presented evidence that the defendant had pulled a gun on the victim and intentionally shot him. The defendant, however, testified that it had been the victim who had produced the gun and that it had discharged during a struggle. On appeal, the defendant argued that his trial counsel had been ineffective for failing to object to the absence of an instruction on self-defense during the court's charge to the jury. The Supreme Court found this claim to be lacking in arguable merit, reasoning as follows:

> The Commonwealth's witnesses testified that appellant pointed the gun at the victim. Only appellant claimed the victim pointed the gun at him. He testified that as he struggled to wrestle the pistol free, it discharged. At best appellant's explanation suggests that the killing may have been accidental. However, it also destroys the second element of self-defense; that appellant reasonably believed that he was in imminent danger of death or great bodily harm. When appellant was specifically asked upon cross-examination if he had been acting in self-defense, appellant conceded that he had not. At no time was there any testimony that appellant intentionally fired the gun in an attempt to defend himself.

> The jury was presented with the possible explanation of accidental death; the judge's charge adequately explained that a finding of not guilty of any degree of homicide was required if the jury chose to believe appellant's story.

> Clearly, appellant's trial counsel realized that an assertion of self-defense was not supported by, nor compatible with

the testimony. It would have been an empty gesture for defense counsel to object to the court's charge.

*Commonwealth v. Webster, supra* at 326, 416 A.2d at 492–493 (footnote omitted).

In *Commonwealth v. Terrell,* 276 Pa.Super. 136, 419 A.2d 133 (1980), the Superior Court considered a claim of ineffective assistance of counsel because of counsel's failure to request a jury instruction on self-defense. The defendant had testified that, during a struggle with the victim who had pulled a gun on him, he gained possession of the gun and then shot the victim. In rejecting the defendant's argument, the Superior Court reasoned as follows:

> The Commonwealth's evidence indicated that, rather than acting to protect himself from serious injury, appellant had killed the victim without provocation. Moreover, appellant's evidence did not show that he had acted in self-defense. Some of his testimony indicated that the killing was accidental. Some of his testimony indicated that he had intentionally shot the victim. This testimony showed that he was in control of the gun and, therefore, not acting to protect himself from danger. Thus, there was no evidence that appellant had acted in self-defense. Accordingly, the trial court need not have instructed on that defense ... and counsel was not ineffective in failing to request instructions on this defense or in failing to file post-verdict motions raising this issue.

*Commonwealth v. Terrell, supra* at 140, 419 A.2d at 134–135 (citations omitted).

More recently, in *Commonwealth v. Mayfield, supra,* the Superior Court held that a defendant who denies using deadly force in defense of himself is not entitled to a jury instruction on self-defense, because, by his own testimony, he has negated one of the elements of that defense. *Id.,* 401 Pa.Super. at 573, 585 A.2d at 1075. The Court explained its holding as follows:

> It is the specific denial of the use of deadly force for one's own protection which precludes the claim of self-defense being put in issue. To hold otherwise, has the possibility

for absurd results. For instance, a defendant could request that the jury consider self-defense while at the same time claiming a defense of mistaken identity or alibi. *Even in closer cases, such as those in which the facts present a case for an accidental shooting, a request for an instruction on self-defense has been denied as being inconsistent unless the circumstances of the case allow that the accidental injury or death occurred within the course of the actor defending himself.*

Commonwealth v. Mayfield, *supra* at 572, 585 A.2d at 1074 (emphasis added).

Subsequent to the decision in *Mayfield,* the Superior Court, in *Commonwealth v. McFadden,* 402 Pa.Super. 517, 587 A.2d 740 (1991), found arguable merit in a claim that counsel had been ineffective for failing to request a jury instruction on self-defense. The defendant in *McFadden* had been convicted of aggravated assault and attempted murder in connection with the shooting of her ex-husband. At trial, she testified to past abuse and threats by her ex-husband and said that, because of her fear of her ex-husband, she had borrowed a shotgun, which she had kept loaded in a corner of her bedroom. According to the defendant, the shooting had occurred while her ex-husband had been hitting her and after he had grabbed the gun. The defendant testified that she had struggled with her ex-husband over the gun and, when he had let go of the gun, she had fallen back with it and the gun had gone off. The Commonwealth argued that a jury instruction on self-defense was not appropriate because the defendant had testified that the shooting was accidental. The Superior Court, however, rejected the Commonwealth's assertion that testimony indicating an accidental shooting was necessarily inconsistent with a claim of self-defense. The Court reasoned as follows:

In *Mayfield,* this Court specifically addressed the propriety of a self-defense charge where a defendant asserts that he acted in the course of self-defense but denies actually causing the injury: "It is the **specific denial** of the use of deadly force for one's own protection which precludes the

claim of self-defense being put in issue". *Mayfield, supra,* 401 Pa.Super. at 571, 585 A.2d at 1074. (emphasis added). The testimony of appellant did not "negate any element of self-defense" that would preclude the necessity to submit the issue to the jury on request of the defendant. *See: Commonwealth v. Mayfield, supra,* at 571, 585 A.2d at 1074. Moreover, the testimony of appellant that she feared for her life and did not remember where she pointed the gun, or whether her finger was on the trigger, if believed by the jury, would have justified a finding that appellant acted in self-defense. *See e.g., Commonwealth v. Gonzales,* 334 Pa.Super. 603, 607–608, 483 A.2d 902, 904 (1984). While the Commonwealth continues to argue that a self-defense charge was not required because appellant refused to admit that she had fired the weapon purposefully, the submission of a self-defense charge does not require such an admission. *Commonwealth v. Gonzales, supra* at 609, 483 A.2d at 905. *See: Commonwealth v. Mayfield, supra,* 401 Pa.Super. at 576–577, 585 A.2d at 1077. Thus we are obliged to conclude that appellant was entitled to a self-defense charge.

*Commonwealth v. McFadden, supra,* 402 Pa.Super. at 525–526, 587 A.2d at 744.

After careful review of the foregoing case law, we conclude that there was in appellant's testimony nothing to negate any of the elements of self-defense. Rather, appellant's testimony was that while struggling over a gun which the victim had pointed at him, the gun had accidently discharged when he fell and hit his elbow on the ground. From this testimony, a reasonable jury could have concluded that the shooting, although accidental in nature, occurred while appellant was defending himself. Under these circumstances, the decided cases suggest, appellant was entitled to a jury instruction on self-defense. See: *Commonwealth v. McFadden, supra; Commonwealth v. Mayfield, supra.*

The instant case is distinguishable from *Commonwealth v. Webster, supra,* where the defendant, during cross-examination, specifically denied that he had acted in self-defense. In the instant case, as we have observed, appellant's testimony

38

did not negate any of the elements of self-defense and did not refute the possibility that he was struggling for the gun to protect himself. Upon request, therefore, appellant was entitled to have the jury instructed upon the law pertaining to self-defense. When the trial court denied appellant's request for such an instruction, it committed reversible error. Consequently, a new trial is necessary.

The judgment of sentence is reversed and the case is remanded for a new trial. Jurisdiction is not retained.