J-A05012-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHATAYLA ALEXANDRIA ENGRAM | : | |
| | : | |
| Appellant | : | No. 1876 WDA 2017 |

Appeal from the Judgment of Sentence November 13, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0014890-2016

BEFORE:  GANTMAN, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY GANTMAN, P.J.E.:          FILED FEBRUARY 12, 2019

Appellant, Shatayla Alexandria Engram, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following her bench trial convictions for aggravated assault, terroristic threats, and recklessly endangering another person.[1]  We affirm.

In its opinion, the trial court accurately set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises one issue for our review:

> DID THE [TRIAL] COURT ABUSE ITS DISCRETION WHEN IT DENIED THE REQUEST TO GRANT A NEW TRIAL BASED UPON THE ISSUE THAT THE VERDICT IS AGAINST THE WEIGHT OF THE EVIDENCE PROVIDED?

(Appellant's Brief at 8).

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1); 2706(a)(1); 2705, respectively.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Edward J. Borkowski, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (See Trial Court Opinion, filed July 30, 2018, at 6-10) (finding: Victim's trial testimony was credible; Appellant's trial testimony was inconsistent with common sense and physical dynamics of altercation, as well as how and where it occurred in house; Victim did not threaten Appellant or possess weapon; Appellant gave multiple inconsistent accounts of events and sustained no injuries, despite her representations to law enforcement; Commonwealth satisfied its burden to disprove self-defense beyond reasonable doubt; verdict was not against weight of evidence). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/2019



# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,     CRIMINAL DIVISION

APPELLEE,

V.

SHATAYLA ALEXANDRIA ENGRAM,     CC NO.: 201614890

APPELLANT.

1876 WDA 2017

**OPINION**

FILED BY:

THE HONORABLE
EDWARD J. BORKOWSKI

COPIES TO:
Victoria H. Vidt
Office of the Public Defender
400 County Office Building
542 Forbes Avenue
Pittsburgh, Pennsylvania 15219

Michael Streily, Esq.
Office of the District Attorney
401 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,    CRIMINAL DIVISION

APPELLEE    CC NO.: 201614890

V.

SHATAYLA ALEXANDRIA ENGRAM,

APPELLANT.

## OPINION

BORKOWSKI, J.

## PROCEDURAL HISTORY

Appellant was charged by criminal information (CC 201614890) with one count each of criminal attempt − homicide;[1] aggravated assault − serious bodily injury;[2] terroristic threats;[3] and recklessly endangering another person.[4]

On October 5, 2017, Appellant proceeded to a non-jury trial. At the conclusion, the Trial Court found Appellant not guilty of criminal attempt (homicide) and guilty of aggravated assault (serious bodily injury inflicted), terroristic threats, and recklessly endangering another person.

---

[1] 18 Pa. C.S. § 901(a).
[2] 18 Pa. C.S. § 2702(a)(1).
[3] 18 Pa. C.S. § 2706(a)(1).
[4] 18 Pa. C.S. § 2705.

2

On November 13, 2017, Appellant was sentenced by the Trial Court as follows:

Count two: aggravated assault (serious bodily injury) – eleven and a half to twenty-three months incarceration with a three year period of probation to follow;

Count three: terroristic threats – one year probation to run concurrent with the sentence imposed at Count two; and

Count four: recklessly endangering another person – one year probation to run concurrent with the sentences imposed at Counts two and three.

On November 13, 2017, Appellant filed a post-sentence motion, which was denied by the Trial Court on November 16, 2017. This timely appeal follows.

## STATEMENT OF ERRORS ON APPEAL

Appellant's claim is set forth below exactly as Appellant presented it:

1. The guilty verdicts for aggravated assault, terroristic threats, and REAP are against the weight of the evidence provided. The Commonwealth's evidence offered to prove that Ms. Engram did not act in self-defense was of such low quality, tenuous, vague, and uncertain that the guilty verdicts based thereon are based upon pure conjecture and surmise. Ms. Engram's testimony regarding the injuries she received, and the photographs, establish that Mr. McWilliams had knocked her down. Ms. Engram was frightened for her two small children in the house. Thus, she took to defend herself and get Mr. McWilliams to leave her home. Ms. Engram did call 911 to report the incident right away and remained in the residence to speak with police. The Commonwealth failed to prove beyond a reasonable doubt that Ms. Engram did not act in self-defense. Ms. Engram is entitled to a new

3

trial at which justice shall have another opportunity to prevail.

## FINDINGS OF FACT

On the morning of November 2, 2016, at approximately 6:45 am, Shatayla Alexandria Engram (hereinafter "Appellant") and Damian Lee McWilliams (hereinafter "McWilliams"), who were in a romantic relationship and shared a home in the City of Pittsburgh, awoke to begin getting ready for work. At that time, an argument ensued between Appellant and McWilliams, in which Appellant threatened to kill McWilliams. (T.T. 6-8, 22).[5] Mr. McWilliams informed Appellant that the relationship was over, got dressed, and attempted to gather up his personal belongings and leave the residence. While attempting to leave the residence, Appellant again threatened to kill McWilliams and pulled a large kitchen knife from under the bed. (T.T. 8-9).

Immediately thereafter, Appellant walked around the bed to block McWilliams' ability to exit the bedroom and again threatened to kill him if he attempted to leave. (T.T. 9, 10, 23). Seeing some space between Appellant and the doorway, McWilliams attempted to walk around Appellant, at which time Appellant raised the knife with her right hand and stabbed McWilliams in his right mid-chest area. Appellant pulled the knife from McWilliams' chest, and he fell

---

[5] The designation "T.T." followed by numerals refers to Trial Transcript, October 5, 2017.

4

onto the bed grabbing a rag to cover the bleeding wound. (T.T. 10-12). At no point did McWilliams possess a weapon. (T.T. 68).

McWilliams was able to leave the room but fell down the stairs to the first floor. He was able to get up and exit the residence. He drove a very short distance to his mother's residence where a 9-1-1 call was made. Paramedics responded to Mr. McWilliams' mother's residence, and he was emergently transported to UPMC Presbyterian Hospital for treatment. (T.T. 12-14).

Detective Elvis Duratovic and Officer Steven John of the Pittsburgh Police Department responded to the domestic violence aspect of the call and proceeded to Appellant's residence. (T.T. 29, 55). Appellant told the officers that there had been a physical altercation between herself and McWilliams, and that during the altercation she stabbed him. Appellant further stated that she sustained injuries on her neck and arms; however, officers observed no injuries on Appellant. (T.T. 30, 34). During her contact with officers at her residence, Appellant changed her description of events multiple times. Initially she claimed to 9-1-1 operators that she had used a pocket knife, but when questioned by Detective Duratovic she claimed she went to the kitchen for the knife. She also stated that she stabbed him in the kitchen, but later changed her account alleging she stabbed him in the living room. (T.T. 31, 37, 68). Appellant's children later disclosed to Detective Duratovic that the altercation occurred in the bedroom. (T.T. 31). Detective

5

Duratovic recovered a large ten-inch kitchen knife between the bed and nightstand in the upstairs bedroom with blood on it. The bedroom showed clear signs of a visible struggle, and the interior stairs had clear indications that someone had fallen down the steps from the bedroom. (T.T. 31-33, 40-42).

McWilliams required three serious surgeries, and following his release from the hospital, he attended a Mercy Hospital facility for approximately a month of rehabilitation. (T.T. 16-18). Appellant was arrested and charged as noted hereinabove.

## DISCUSSION

Appellant alleges in her sole claim that the verdict was against the weight of the evidence. Specifically, Appellant alleges the Commonwealth's evidence offered to prove Appellant did not act in self-defense was "of such low quality, tenuous, vague, and uncertain that the guilty verdicts based thereon are based upon pure conjecture and surmise." Further, Appellant claims that her testimony regarding her injuries and photographs establish that "Mr. McWilliams had knocked her down," and that she was "frightened for her two small children in the house" which forced her to defend herself against McWilliams. As such, Appellant claims that the Commonwealth failed to prove beyond a reasonable doubt that Appellant did not act in self-defense, thus entitling her to a new trial. Appellant's claim is without merit.

The Superior Court has held that the applicable standard of review that applies to weight challenges is as follows:

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009) (citations and quotations omitted). Notably, a "new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." *Commonwealth v. Brown*, 48 A.3d 426, 432 (Pa. Super. 2012). The fact finder is free to believe all, part, or none of the testimony offered in assessing the credibility of witnesses, and it is not within the purview of the appellate court to reweigh the credibility determinations made by the fact finder. *Commonwealth v. Knox*, 50 A.3d 732, 738 (Pa. Super. 2012).

Thus, when assessing a weight of the evidence claim, the appellate court reviews the Trial Court's exercise of discretion rather than answer for itself whether the verdict was against the weight of the evidence, and relief is only granted if "the facts and inferences of record disclose a palpable abuse of

7

discretion." *Commonwealth v. Houser*, 18 A.3d 1128, 1135-36 (Pa. 2011) (internal citation omitted) (refusing to provide relief where jury determined defendant's testimony was self-serving and the verdict did not "shock one's sense of justice"). Under the abuse of discretion standard of review, an appellate court cannot reverse merely because it would have come to a different conclusion, rather, it must find "manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Commonwealth v. Dillon*, 925 A.2d 131, 136 (Pa. 2007).

Self-defense is the "use of force upon or toward another person" that is justifiable if "the actor believes that such force is immediately necessary for the purpose of protecting himself [herself] against the use of unlawful force by such other person on the present occasion." 18 Pa. C.S. § 505(a). An actor must retreat if able, except from "his dwelling or place of work, unless he was the initial aggressor or is assailed in his place of work by another person whose place of work the actor knows it to be." 18 Pa. C.S. § 505(b) (2)(ii). If necessity, lack of provocation, or impossibility of retreat are negated, the use of force or deadly force is not justified and a self-defense claim fails. *Commonwealth v. Maione*, 554 A.2d 939, 944 (Pa. Super. 1989)(self-defense claim failed in case involving aggravated assault and recklessly endangering another person because defendant/actor had no reasonable belief that he was in danger of imminent bodily harm when he injured

the victim, he was not free from fault in provoking the incident, and he made no attempt to retreat). Further, for self-defense, the Commonwealth has the burden to disprove self-defense beyond a reasonable doubt. *Commonwealth v. Mouzon*, 53 A.3d 738, 740 (Pa. 2012).

The Trial Court, sitting as the finder of fact, determined that McWilliams' testimony was credible, demonstrating that: (1) Appellant threatened to kill him; (2) refused to let him leave; (3) retrieved a large knife; (4) blocked his ability to exit the bedroom; and (5) ultimately stabbed him in the chest. (T.T. 8, 9, 10, 11, 25). As such, the evidence clearly established that: (1) Appellant did not reasonably believe that she was in danger of death or serious bodily injury at the time she stabbed McWilliams; (2) McWilliams did not provoke the altercation; and (3) Appellant had ample opportunity to leave the residence under the circumstances. As such, Appellant's actions during the altercation were not justified, thus negating her claim of self-defense.

As the Trial Court stated at the time of entering the verdict, Appellant testified inconsistent with respect to "common sense and the physical dynamics" of the altercation, as well as how and where it occurred in the house. (V.T. 3).[6] Additionally, the testimony established that the victim, McWilliams, never threatened Appellant nor did he possess a weapon of any sort. Appellant gave

---

[6] The designation "V.T." followed by numerals refers to Verdict Transcript, October 12, 2017.

multiple inconsistent accounts of the events, and did not sustain any injuries despite her representations to law enforcement. (T.T. 30, 34, 68).

Therefore, the Commonwealth satisfied its burden in disproving self-defense beyond a reasonable doubt. As such, the verdict was not against the weight of the evidence, and Appellant's claim is without merit.

## CONCLUSION

Based upon the foregoing, the judgment of sentence imposed by this Court should be affirmed.

By the Court,

DATE: 7/30/18

_Edward J. Borkowski, J._

Edward J. Borkowski

10