484 A.2d 389

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Eugene S. KYSLINGER, Appellant.**

Supreme Court of Pennsylvania.

Argued March 9, 1984.

Decided Nov. 20, 1984.

Gary B. Zimmerman, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Dara A. DeCourcy, Asst. Dist. Atty., Kemal Alexander, Mericli, Melinda G. Tell, Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN FLAHERTY McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

In a trial by jury in the Court of Common Pleas of Allegheny County, the appellant, Eugene S. Kyslinger, was convicted of issuing a check with the knowledge that the check would be dishonored by the drawee, 18 Pa.C.S.A. § 4105, and a sentence of one to five years imprisonment was imposed. Superior Court affirmed the judgment of sentence. *Commonwealth v. Kyslinger,* 305 Pa.Super. 626, 450 A.2d 1066 (1982). The instant appeal ensued.*

The events which culminated in appellant's issuance of the check in question were, in relevant part, as follows. Appellant, as president and sole owner of T.I.C. Corporation, a coal brokerage firm located in Pittsburgh, had a contract to supply coal to the United States Steel Corporation. To obtain the necessary coal, the appellant, on behalf of his company, entered into a contract with K.O.C., a company, located in Kentucky, which mines and supplies coal, operated by Mr. Cecil Lane.

Shortly after the contract was signed, two barges of coal were shipped to Pittsburgh from K.O.C. in Kentucky. On August 23, 1978, Mr. Lane, accompanied by two of his business partners, went to appellant's office in Pittsburgh to receive payment for the shipment. Appellant wrote a check, on behalf of the T.I.C. Corporation, in the amount of $98,689.50, payable to K.O.C. as per invoice. The check was presented for payment by Mr. Lane at his bank, but the check was dishonored for insufficient funds, due to the fact that at the time of presentment the T.I.C. Corporation had an account balance of only $123.88. Appellant was advised of the dishonor, but failed to make payment, and a criminal complaint was thereafter instituted.

At the ensuing trial, appellant was convicted of violating 18 Pa.C.S.A. § 4105, which provides that "A person commits an offense if he issues or passes a check or similar sight order for the payment of money, knowing that it will

* This case reassigned to this writer on June 19, 1984.

not be honored by the drawee." Appellant contends the trial court erred in refusing to instruct the jury as to the availability of the defense of duress, inasmuch as appellant introduced evidence that the bad check was issued in response to coercion exerted by Mr. Lane and his business associates.

It is well established that, under 18 Pa.C.S.A. § 4105, *supra.*, the legislature intended to denominate the passing of a check for which there are insufficient funds, where the insufficiency is within the knowledge of the issuer, as a crime regardless of whether the issuer possessed a specific intent to defraud. *Commonwealth v. Mutnik*, 486 Pa. 428, 406 A.2d 516 (1979). The mere fact that specific intent need not be proven as an element of the offense does not, however, negate the availability of the defense of duress. One who commits an act under the influence of duress does so in a manner that is, in effect, non-volitional. Indeed, one who is coerced into action serves as a mere conduit for the purposes of another, and, where duress is established, is relieved of responsibility for the act. The defense of duress, as set forth in 18 Pa.C.S.A. § 309(a), provides that it is a "defense that the actor engaged in the conduct charged to constitute an offense because he was coerced to do so by the use of, or a threat to use, unlawful force against his person ..., which a person of reasonable firmness in his situation would have been unable to resist."

Examination of the record reveals that appellant did offer sufficient evidence of coercion as to have entitled him to have had the issue of duress placed before the jury, so as to permit the jury to determine whether the alleged coercion was of sufficient magnitude as to relieve appellant of culpability for his actions. Specifically, the evidence offered by appellant in support of a showing of duress consisted of testimony as to specific events which were, in their clearest sense, of an intimidating nature.

The record discloses that Mr. Lane, the operator of the company to which appellant's debt was owed, and two of his

associates traveled from Kentucky to appellant's office in Pittsburgh where, for approximately *two hours,* they *repeatedly "demanded" immediate* payment for two barge loads of coal that they had shipped to appellant. Appellant insisted that he did not have funds available to make payment and that, notwithstanding, payment was conditioned upon acceptance by U.S. Steel, for whom the shipment was ultimately intended, a fact known to the parties when the contract was formed. One of Mr. Lane's associates warned appellant that they planned to spend the night in Pittsburgh but that *"if we go home, you're going with us."* Hence, appellant was threatened with being taken, against his will, to Kentucky, if demands for immediate payment were not met. The implications of being transported, unwillingly, to Kentucky, for an unstated purpose, could reasonably have instilled fear in appellant, causing him to issue the check as a means of avoiding harm that might await him in Kentucky. Appellant testified that "the only way they were going to leave town or let me get out of their sight was if I gave them a check," and that, in response to this coercion, he wrote a check. Appellant testified that he had intended to post-date the check, but that in his nervous and excited state, he forgot to do so, and, thus, dated the check as of that same day, August 23, 1978.

Under these circumstances, the trial court's refusal to issue to the jury an instruction on the availability of the defense of duress was error. A trial court may not refuse to charge the jury on the elements of a defense, where the defense is supported by evidence in the record. *Commonwealth v. Brown,* 491 Pa. 507, 512, 421 A.2d 660, 662 (1980). Where there is evidence to support a claimed defense, it is "for the trier of fact to pass upon that evidence and improper for the trial judge to exclude such consideration by refusing the charge." *Id.*

Judgment of sentence reversed, and a new trial granted.

NIX, C.J., files a dissenting opinion.

NIX, Chief Justice, dissenting.

A careful reading of this record indicates that counsel did not seek to introduce as an issue for the jury's consideration the defense of duress as defined under 18 Pa.C.S. § 309(a). To the contrary, his efforts were directed towards showing the absence of an intent to defraud. As the majority concedes "[i]t is well established that, under 18 Pa.C.S. § 4105, *supra*, the legislature intended to denominate the passing of a check for which there are insufficient funds, where the insufficiency is within the knowledge of the issuer, as a crime regardless of whether the issuer possessed a specific intent to defraud." Thus, since this request for a point for charge was offered to dispute an element not required by the crime charged, the trial court properly refused that request. *See Commonwealth v. White*, 490 Pa. 179, 415 A.2d 399 (1980); *Commonwealth v. Tervalon*, 463 Pa. 581, 345 A.2d 671 (1975); *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973); *Commonwealth v. Whiting*, 409 Pa. 492, 187 A.2d 563 (1963).

The question of the defense of duress was first injected in this matter as a result of the opinion of the dissenting member of the three-judge Superior Court panel. *Commonwealth v. Kyslinger*, 305 Pa.Super. 626, 450 A.2d 1066 (1982) (Beck, J., memorandum dissenting statement). Even before this Court, in his brief, appellant entitles this assignment of error: "The Court's charge to the jury was inadequate and improper as it omitted [an instruction on] ... the defense of duress." Following this caption he immediately proceeds to argue: "The Court improperly instructed the jury as to the elements of the offense as it omitted the element of consideration." Brief for Appellant at 21.

While this series of events may suggest some basis for a finding of ineffectiveness of counsel, that issue is not presently before this Court. The only question presented is whether the Court correctly refused a point of charge where the reason offered for its approval was clearly erroneous. In such a setting, the trial judge must be affirmed and the majority's failure to do so occasions my dissent.