

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-9-2006

# Mirat v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2808

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Mirat v. Atty Gen USA" (2006). *2006 Decisions.* Paper 928.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/928

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2808

NOURREDINE MIRAT,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A75-463-629)

Submitted under Third Circuit LAR 34.1(a)
on March 9, 2006

BEFORE: SCIRICA*, ALDISERT and ROTH**, Circuit Judges

(Opinion Filed: June 8, 2006)

**O P I N I O N**

*In light of Judge Roth's change in status, the panel has been reconstituted. Chief Judge Scirica replaces Judge Rodriguez on the panel.

**Judge Roth assumed senior status on May 31, 2006.

**ROTH**, Circuit Judge:

Nourredine Mirat petitioned for a writ of habeas corpus, asserting that he has been unlawfully detained by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement (ICE), and that his continued custody violates legal protections afforded him by law. Pursuant to the REAL ID Act, we construe his petition as a petition for review and will grant it.

## I. Background and Procedural History

Because the parties are familiar with the facts and procedural posture, we will provide only a brief synopsis of the events leading up to the petition.

Mirat is a native and citizen of Morocco who entered the United States on September 28, 1998, as a conditional legal permanent resident. On May 22, 2001, Mirat entered a guilty plea and was convicted of writing bad checks under 18 PA. CONS. STAT. ANN. § 4105(a)(1). Mirat was ordered to pay $13,000 in restitution and was sentenced to 5 years probation.

On April 11, 2002, ICE initiated administrative removal proceedings against Mirat, and on May 18, 2002, Mirat was ordered removed pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted as an aggravated felon under 8 U.S.C. § 1101(a)(43)(M)(i).

On November 21, 2003, Mirat filed a petition for a writ of habeas corpus in the

2

Court of Common Pleas of Montgomery County, alleging that, because his prior counsel expressly assured him that a conviction would carry no adverse immigration consequences, he did not enter into the guilty plea agreement knowingly and voluntarily. In response to Mirat's petition, the state court reduced Mirat's restitution payment to $6,125.[1]

In March 2005, Mirat filed the present petition.

## II. Jurisdiction and Standard of Review

We have jurisdiction over this petition pursuant to 8 U.S.C. § 1252(a)(2)(D). The REAL ID Act of 2005 eliminates the district courts' habeas corpus jurisdiction over final orders of removal in nearly all cases. Pub. L. No. 109-13, 119 Stat. 231. As of May 11, 2005, habeas petitions filed under 28 U.S.C. § 2241 are to be transferred to the court of appeals for the circuit in which a petition for review could have been properly filed under section 8 U.S.C. § 1252, and the petition will be treated as if it had been filed as a petition for review. REAL ID Act § 106(c). Thus, we will treat this petition as if it had been filed as a petition for review. *Hernandez v. Gonzales*, 437 F.3d 341, 344 (3d Cir. 2006). We review Mirat's legal and constitutional challenges *de novo. Id.* at 345 n.3.

## II. Discussion

Under 8 U.S.C. § 1227(a)(2)(A)(iii), "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." The term "aggravated

---

[1]Because we conclude that Mirat's conviction was not for an aggravated felony, we do not reach whether the reduction in Mirat's restitution payment drops him below the $10,000 minimum in 8 U.S.C. § 1101(a)(43)(M)(i). *See Munroe v. Ashcroft*, 353 F.3d 225, 227 (3d Cir. 2003) (noting that amount of loss, not the amount of restitution, is the critical issue).

3

felony" includes "an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000 . . .." 8 U.S.C. § 1101(a)(43)(M)(i). Mirat contends that his Bad Checks conviction is not an offense involving fraud or deceit, and, therefore, he is not an aggravated felon under 8 U.S.C. § 1101(a)(43)(M)(i). We agree.

An individual commits an offense of Bad Checks "if he issues or passes a check . . . for the payment of money, knowing that it will not be honored by the drawee." 18 PA. CONS. STAT. ANN. § 4105(a)(1). In cases such as this, we look only to the statutory definition of the crime in assessing whether it qualifies as an aggravated felony. *Singh v. Ashcroft*, 383 F.3d 144, 147-48 (3d Cir. 2004) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). As the BIA has stated in *In re Balao*, 20 I&N Dec. 440, 443-44 (BIA 1992), section 4105 does not describe a crime involving moral turpitude because fraud is not an express element. *See also Commonwealth v. Kyslinger*, 484 A.2d 389, 390 (Pa. 1984). Although aggravated felony cases are distinct from moral turpitude cases, the categorical analysis is appropriate in either situation. *See Knapik v. Ashcroft*, 384 F.3d 84, 89 n.4 (3d Cir. 2004). We find *Balao*'s analysis of section 4105 to be persuasive and conclude that fraud, while sufficient to satisfy the *mens rea* requirement of section 4105, is not necessary. *See Singh*, 383 F.3d at 153. Therefore, passing bad checks under section 4105 is not an aggravated felony because it is possible to violate the statute without having engaged in fraud or deceit.[2] *See Balao*, 20 I&N Dec. at 443-44.

_____

[2]We are unpersuaded by the government's argument that Mirat's conviction satisfies 8 U.S.C. § 1101(a)(43)(M)(i) because, despite the fact that the statute does not *require* a finding of fraud or deceit, Mirat's conduct might meet the common law definition of deceit. As discussed above, we will not look to underlying conduct in determining whether an alien has committed an

4

We must briefly address and distinguish our decision in *Nugent v. Ashcroft*, 367 F.3d 162 (3d Cir. 2004), in which we held that a conviction under Pennsylvania's theft by deception statute, 18 PA. CONS. STAT. ANN. § 3922, for passing bad checks constituted both a "theft offense" under 8 U.S.C. § 1101(a)(43)(G) and an "offense involving fraud or deceit" pursuant to 8 U.S.C. § 1101(a)(43)(M)(i).  In reaching our decision, we noted that Pennsylvania's theft by deception statute uses both variations of the word "deceive" and the phrase "false impression".  *Nugent*, 367 F.3d at 178.  Section 4105, by way of contrast, only mentions a knowledge requirement, but we pointed out that the Official Comment to that section explains that "'[a] person who passes a bad check could be prosecuted for theft by deception under Section 3922.'"  *Id.* (citing 18 PA. CONS. STAT. ANN. § 4105 (Official Comment)).  Despite the language in *Nugent* and the Official Comment to section 4105, a conviction under section 4105 is fundamentally different from one under section 3922 because the former has no deceit or false impression requirement.  Therefore, while some convictions for writing bad checks under section 4105 might also have resulted in a conviction under section 3922, it does not mean that conviction under section 4105 necessarily involved an offense perpetrated by means of fraud or deceit.  Under *Singh*, we need conclude no more than that in order to hold that a conviction under section 4105 does not render an alien deportable under 8 U.S.C. §§ 1101(a)(43)(M)(i) and 1227(a)(2)(A)(iii).

---

aggravated felony.  *Singh*, 383 F.3d at 147-48; *Taylor*, 495 U.S. at 600.

**IV. Conclusion**

Because the final administrative order of removal was issued pursuant to the erroneous legal conclusion that a conviction under 18 PA. CONS. STAT. ANN. § 4105(a)(1) constitutes an aggravated felony conviction, we will grant the petition for review and remand this case to the Board of Immigration Appeals with directions to release Mirat from custody and to vacate the order of removal against him.