J-S61044-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| AMY AMANDA ROCK, | : | |
| | : | |
| Appellant | : | No. 669 MDA 2015 |

Appeal from the Judgment of Sentence Entered February 18, 2015
in the Court of Common Pleas of Franklin County,
Criminal Division, at No(s): CP-28-CR-0001043-2014

BEFORE:    PANELLA, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED DECEMBER 02, 2015**

Amy Amanda Rock (Appellant) appeals from her aggregate judgment of sentence of six days to 23½ months of incarceration, followed by seven years of probation, entered after she was found guilty of 13 counts of issuing bad checks. Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant the petition to withdraw.

After her boyfriend "got in trouble" and "went upstate," Appellant was "kicked [] out" of her boyfriend's home by his mother. N.T., 1/22/2015, at 5. Having nowhere else to go, Appellant moved in with her friend Nicole Wagaman, Nicole's daughter, and Nicole's girlfriend Dawn Breon. After living for a while in the trailer owned by Ms. Breon without contributing

*Retired Senior Judge assigned to the Superior Court.

financially to the household expenses, Appellant agreed that she would begin paying her share, including "all the back rent and stuff." *Id.* at 18. Between August 22 and August 29, 2013, Appellant, who had a negative balance in her account, wrote 13 checks to Ms. Breon totaling over $4,000. Ms. Breon deposited or cashed each of the checks at her bank, as Appellant indicated that there was no nearby branch of Appellant's bank. Once the insufficiency was discovered, Appellant disappeared and blocked Ms. Breon's attempts to contact her. Ms. Breon ultimately was required to repay the amount of the checks to her bank. Because she is disabled and on a fixed income, Ms. Breon suffered significant hardship as a result, including the loss of electricity for many months.

Following a jury trial, Appellant was found guilty as to each of the 13 checks. On February 18, 2015, Appellant was given five sentences of one day to four months of incarceration for counts one through five, 1 day to three and one half months of incarceration for count six, and seven sentences of 12 months of probation for counts seven through 13, with all sentences to run consecutively.[1] Appellant timely filed a motion to modify sentence which the trial court granted in part: the trial court provided that Appellant may be considered for early release from supervision after five years if she complied with all terms of parole and probation and paid fines,

---

[1] Appellant was granted parole effective February 26, 2015.

costs, and restitution in full. On April 15, 2015, Appellant timely filed a notice of appeal.

In this Court, Appellant's counsel filed both an *Anders* brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has clarified portions of the *Anders* procedure:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and **Anders** brief, we conclude that counsel has substantially complied with the technical requirements set forth above.[2] Therefore, we now have the responsibility "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" **Commonwealth v. Flowers**, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting **Santiago**, 978 A.2d at 354 n. 5).

Counsel presented this Court with two issues of arguable merit concerning (1) the sufficiency of the evidence to sustain Appellant's convictions and (2) the length of Appellant's sentence. **Anders** Brief at 22. We begin with the law applicable to the first issue.

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

---

[2] Appellant has not responded to counsel's petition to withdraw.

Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa. Super. 2013) (internal citations and quotation marks omitted)

Under the relevant portion of the bad checks statute, "A person commits an offense if he issues or passes a check or similar sight order for the payment of money, knowing that it will not be honored by the drawee." 18 Pa.C.S. § 4105(a)(1). "It is well established that, under 18 Pa.C.S § 4105, … the legislature intended to denominate the passing of a check for which there are insufficient funds, where the insufficiency is within the knowledge of the issuer, as a crime regardless of whether the issuer possessed a specific intent to defraud." *Commonwealth v. Kyslinger*, 484 A.2d 389, 390 (Pa. 1984).

The statute includes the following presumption regarding the requisite knowledge:

> An issuer is presumed to know that the check or order (other than a post-dated check or order) would not be paid, if:
>
> * * *
>
> (ii) payment was refused by the drawee for lack of funds, upon presentation within 30 days after issue, and the issuer failed to make good within ten days after receiving notice of that refusal.
>
> Notice of refusal may be given to the issuer orally or in writing by any person. …

18 Pa.C.S. § 4105(b)(1)(ii).

Here, Ms. Breon testified that, between August 22 and August 29, 2013, Appellant wrote the 13 checks for the payment of money to Ms. Breon. N.T., 1/22/2015, at 9-13. The Commonwealth introduced into evidence copies of the checks, which all have Appellant's name printed on them. The representative of Appellant's bank testified that Appellant's account had a negative balance from the time the first check was written until after the last was written. *Id.* at 32-33. The jury also heard Ms. Breon's testimony that, when she confronted Appellant about the checks having bounced, Appellant acknowledged that she did not have the money in her account. *Id.* at 19. Thereafter, rather than making good, Appellant disappeared and avoided Ms. Breon's attempts to contact her. *Id.* at 19-20.

When this evidence is viewed in the light most favorable to the Commonwealth, it is sufficient to allow the jury to conclude beyond a reasonable doubt that, on 13 separate occasions, Appellant wrote a check to Ms. Breon for money knowing that she did not have sufficient funds to cover it. Accordingly, we agree with counsel that a challenge to the sufficiency of the evidence is meritless.[3]

Counsel also presents an issue concerning the length of Appellant's sentence. The applicable standard of review is as follows.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> * * *
>
> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-61 (Pa. Super. 2014) (internal citations and quotation marks omitted).

---

[3] Appellant's chief complaint with the verdict is that Ms. Breon's testimony was false, and that the scheme was of Ms. Breon's creation to get money when neither of them had it. N.T., 2/18/2015, at 7-8. That credibility determination was for the jury and will not be overturned by this Court. *Franklin*, 69 A.3d at 722-23.

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant timely filed a notice of appeal after preserving the issue by filing a motion to modify sentence. We do not have a 2119(f) statement before us,[4] but note that "[w]here counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." *Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted).

---

[4] Counsel's brief notes the requirements of Rule 2119(f), but opines as to the lack of any substantial question rather than advocates that one exists. *Anders* Brief at 27-28.

In her motion to modify sentence, Appellant argued that, given the minor nature of the offenses and her lack of a prior record, the aggregate term of supervision created by the imposition of consecutive sentences was unduly harsh. Motion to Modify Sentence, 3/2/2015, at unnumbered page 2.

"Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011) (internal quotation omitted) (quoting *Commonwealth v. Pass*, 914 A.2d 442, 446–47 (Pa. Super. 2006)). "[T]he key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010).

The trial court offered the following discussion of the criminal conduct at issue, after hearing Appellant use her right to allocution to continue blaming the victim and maintaining her untenable version of events rejected by the jury:

> You are guilty, factually and legally in the [c]ourt's mind, and this sentence is to reflect what I believe to be a rather heinous act considering the financial circumstances of the victim in this case. This was not an individual who can absorb the type

of money we're talking about without having significant threats to her own welfare and her own ability to care for herself.

You took $4,000 from someone who just doesn't have the money and doesn't appear to have any prospects of getting the money.

N.T., 2/18/2015, at 11-12. The trial court further explained that it made the probationary sentences consecutive so that Appellant's supervision would last long enough "to insure that restitution is paid in full."[5] *Id.* at 12.

We conclude that the trial court's imposition of consecutive sentences in light of the particular circumstances of Appellant's criminal conduct does not create an aggregate sentence that is excessive on its face. Thus, Appellant's claim does not raise a substantial question that the trial court's sentence is the result of an abuse of discretion.

Therefore, we agree with counsel that Appellant's issues regarding the sufficiency of the evidence and the length of her sentence are frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." *Flowers*, 113 A.3d at 1248. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

---

[5] As the trial court noted in its opinion, it granted Appellant's motion to modify sentence to allow for the early termination of her probation if she pays restitution in full. Trial Court Opinion, 6/2/2015, at 8.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2015