J-S60018-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES E. STYLES, | : | |
| | : | |
| Appellant | : | No. 3474 EDA 2015 |

Appeal from the PCRA Order November 13, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0014913-2009

BEFORE:  SHOGAN, OTT, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:**FILED JANUARY 03, 2017**

Because counsel was ineffective by failing to ask for a jury instruction for the defense of duress, I dissent and offer the following analysis.

In concluding that trial counsel was not ineffective for failing to pursue a jury instruction on this defense, the Majority holds that the PCRA court's analysis supports the fact that "it would not have given the duress defense jury charge if requested by counsel because, like counsel, it could not find any supporting case law." Majority at 15-16.  However, my review of the case law finds precedent for a duress defense and accompanying jury instruction under similar circumstances in other jurisdictions, although I recognize that this is an issue of first impression in Pennsylvania.[1]

---

[1] In **Commonwealth v. Valcarel**, 94 A.3d 397, 400 (Pa. Super. 2014), this Court recognized that "the issue of duress as a defense to possessing a

*Retired Senior Judge assigned to the Superior Court.

In *United States v. Moore*, 733 F.3d 171 (6th Cir. 2013), Moore was charged with possession of a firearm by a convicted felon, after an altercation in a parking lot where Moore claimed that he only came into possession of the firearm after another individual threatened to shoot him with it.   Moore grabbed the gun, jumped into his car, and drove away. Moore claimed that he "possessed the pistol in self-defense.   The district court denied Moore an instruction on that affirmative defense, and the jury found him guilty." *Id*. at 173.   On appeal, the Sixth Circuit held that a necessity defense to this possession charge is available "only in rare situations" and contains

> five conjunctive requirements: The defendant must have (1) reasonably feared death or serious injury from an imminent threat, (2) not recklessly placed himself in the path of that threat, (3) had no reasonable alternative to possession, (4) reasonably believed that possession would avert the threat and

---

weapon … appears to be an issue of first impression."   In that case, the appellant was a prisoner "charged with a violation of … possession of a weapon or implement for escape." *Id*.   This Court concluded that the trial court properly disallowed the appellant to pursue a defense of duress because "there was no *immediate* threat of serious bodily injury." *Id*. (emphasis in original).   This Court went on to analyze the situation the appellant faced in that case, where he was afraid of some future attack by "Fruit Muslims." *Id*. This Court concluded that a defense of duress or self-defense was not warranted because the appellant "was not convicted for possessing the weapon of a disarmed attacker; he procured the weapon in anticipation of an attack that might possibly happen at some unknown future time." *Id*. at 402.   *See also Commonwealth v. Berger*, 612 A.2d 1037, 1041 (Pa. Super. 1992) ("Our Court has held that duress is a defense to all criminal activity….").

(5) maintained possession only as long as necessary to avoid the threat.

*Id*. at 174. For the purposes of appeal, the parties agreed that Moore presented sufficient evidence as to the first four elements and only contested the fifth element because Moore did not "show that he gave up possession as soon after the harm ended as possible." *Id*. Based on the circumstances there, the Sixth Circuit held that Moore's driving away with the gun closed "the door on his necessity defense." *Id*. Thus, Moore was not entitled to relief, but a common law necessity defense was available to Moore to defend the charge of possession of a firearm by a convicted felon.[2] *See*, *e.g.*, *Marrero v. State*, 516 So.2d 1052 (Fla. Dist. Ct. App. 3d 1987) (holding that defense of justification available to persons not to possess

---

[2] We recognize that *Moore* utilizes the term "necessity" rather than "duress." However,

> [c]ourts have used the terms duress, necessity, and justification interchangeably. This may be due to the development of the defense by drawing upon common law. While the defense of duress covered the situation where the coercion had its source in the actions of other human beings, the defense of necessity, or choice of evils, traditionally covered the situation where physical forces beyond the actor's control rendered illegal conduct the lesser of two evils. In modern times, [t]he traditionally separate defenses of necessity and duress have become increasingly blurred in modern decisions, to the point of merger.

*United States v. Butler*, 485 F.3d 569, 572 n.1 (10th Cir. 2007). *See*, *e.g.*, *United States v. Leahy*, 473 F.3d 401, 406 (1st Cir. 2007) ("[E]ase in administration favors treating [the common law defenses of duress, necessity, and self-defense], in a federal felon-in-possession case, under a single, unitary rubric: justification.").

- 3 -

charge where the defendant claims he grabbed the gun from his assailant during an attack); *People v. Dupree*, 788 N.W.2d 399 (Mich. 2010) (holding that common law affirmative defense of self-defense was available as a defense for felon-in-possession statute where the defendant came into possession of the weapon during a struggle); *Harmon v. State*, 849 N.E.2d 726 (Ind. Ct. App. 2006) (defense of self-defense available where the defendant came into possession of gun during an altercation); *State v. Spaulding*, 296 N.W.2d 870 (Minn. 1980); *State v. Padilla*, 164 P.3d 765 (Hawaii Ct. App. 2007); *United States v. Panter*, 688 F.2d 268 (5th Cir. 1982); *Commonwealth v. Lindsey*, 489 N.E.2d 666 (Mass. 1986).

Based on the foregoing, it is evident that trial counsel, in not recognizing that there was available law to support the testimony offered at trial and request an accompanying jury instruction, acted unreasonably.[3] Moreover, Appellant was prejudiced by counsel's failure to request the instruction because the outcome of the trial may have been different.[4] Had trial counsel asked for the appropriate instruction, it would have been reversible error for the trial court to have denied it. *See Commonwealth v. Kyslinger*, 506 Pa. 132, 136 (1984) (holding that "refusal to issue to the

---

[3] In fact, it would be a crushing indictment on the Pennsylvania defense bar to hold that attorneys were not required to look to other jurisdictions to find case law in support of their positions.

[4] Notably, Appellant claimed, and there was some evidence to support, that he came into possession of the gun only after an altercation. Moreover, Officer Montanez immediately responded to the scene, ordered Appellant to the ground, and recovered the gun.

jury an instruction on the availability of the defense of duress was error. A trial court may not refuse to charge the jury on the elements of a defense, where the defense is supported by evidence in the record. Where there is evidence to support a claimed defense, it is for the trier of fact to pass upon that evidence and improper for the trial judge to exclude such consideration by refusing the charge.") (internal citations and quotation marks omitted)).

Accordingly, I would reverse the order of the PCRA court and remand for a new trial.