J-A14040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRED POLISKY, | |
| Appellant | No. 1170 MDA 2015 |

Appeal from the Judgment of Sentence June 29, 2015
in the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0002034-2014

BEFORE:  BOWES, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 03, 2016**

Appellant, Fred Polisky, appeals from the judgment of sentence imposed on June 29, 2015, following his jury conviction of terroristic threats.[1]  We affirm.

We take the underlying factual and procedural history in this matter from the trial court's December 22, 2015 opinion and our independent review of the certified record.

> The incident . . . occurred on April 10, 2014[,] during an Edwardsville Borough Council Meeting.  [Appellant] was in attendance at the meeting and he threatened to kill Officer Michael Lehman, a police officer of the Edwardsville Borough Police Department.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa. C.S.A. § 2706(a)(1).

At the trial[2], various witnesses testified as to what occurred. Mr. David Stochla, the Borough Council President of the Edwardsville Borough Council[,] testified that while he was presiding over the Borough Council meeting, during the public comment session, [Appellant] threatened to kill Officer Michael Lehman [if Officer Lehman stepped foot on his property. (**See** N.T. Trial, 4/22/15, at 48)]. In addition, Officer John Fronzoni, also a police officer of the Edwardsville Borough Police Department, who was also in attendance at the Edwardsville Borough Council meeting on the evening of April 10, 2014, heard [Appellant] threaten to kill Officer Michael Lehman [if he stepped foot on Appellant's property. (**See id.** at 57).] Officer Fronzoni also testified that immediately after the public comment session where the threat was made, [Appellant] repeated the threat to Officer Fronzoni at least two additional times.

Officer Lehman also testified as to the events of April 10, 2014. [He] testified that he had professional interactions with [Appellant] prior to April 10, 2014. He became aware of the direct threats immediately after the council meeting. He did not attend the meeting, however, he was advised as to the threat from multiple sources. Officer Lehman became concerned as to the threat based on past incidents with [Appellant]. The officer was concerned for himself and his family and took the threat seriously.

[Appellant] testified that Officer Lehman was a corrupt cop and that on more than one occasion Officer Lehman has surveyed [Appellant's] house and shined a light in his eyes and into the house. [Appellant] characterized Officer Lehman as a coward and a criminal wearing a badge. [Appellant] admitted that he did say that if Officer Lehman stepped foot on his property, he would kill him. He explained that he did so as a figure of speech and wanted to warn Officer Lehman. The jury convened and ultimately found [Appellant] guilty of [t]erroristic threats.

---

[2] After the first jury in this matter was unable to reach a verdict, the trial court declared a mistrial. The Commonwealth called this matter for the next term and the court listed it for the April 2015 term. On April 22, 2015, a jury was selected and Appellant's second trial commenced.

(Trial Court Opinion, 12/22/15, at 2-3).

On June 29, 2015, the trial court sentenced Appellant to not less than four nor more than eight months of incarceration in the Luzerne County Correctional Facility, to be followed by a three-year term of probation. Appellant did not file a post-sentence motion. On July 2, 2015, Appellant filed a timely notice of appeal. On July 24, 2015, Appellant filed a statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On December 22, 2015, the trial court entered its opinion. *See* Pa.R.A.P. 1925(a).

Appellant raises two issues on appeal.

1. Whether the [t]rial [c]ourt erred by refusing to instruct the jury with respect to self-defense (non-deadly force)?

2. Whether the [t]rial [c]ourt erred by determining that [Appellant's] speech, *i.e.* attempting to raise an issue of police misconduct at a public hearing, was not protected by the Fourteenth Amendment to the United States Constitution?

(Appellant's Brief, at 3).

In his first issue, Appellant claims that the trial court erred in refusing to instruct the jury regarding self-defense. (*See id.* at 16-18). Specifically, Appellant argues that the evidence supports self-defense because he testified that he made his statement:

in self-defense due to his belief that Officer Lehman was a threat to him and his family; including the following instances:

1. Officer Lehman was shining a spotlight into his house while he had his grandchildren [visiting];

2. Officer Lehman had falsely arrested his wife and as a result thereof, his wife was afraid to drive a car;

3. Officer Lehman had falsely arrested [Appellant].

(*Id.* at 16). We disagree.

Preliminarily, we note that Appellant waived his first issue for failure to raise it before the trial court. A review of the trial transcript reveals that Appellant did not object to the lack of self-defense instruction. *See Commonwealth v. Pressley*, 887 A.2d 220, 225 (Pa. 2005) ("[U]nder Criminal Procedural Rules 603 and 647(B), the mere submission and subsequent denial of proposed points for charge that are inconsistent with or omitted from the instructions actually given will not suffice to preserve an issue, absent a specific objection or exception to the charge or the trial court's ruling respecting the points."). Accordingly, he has waived this issue.

Moreover, Appellant has failed to develop his argument. In his brief, Appellant cites two cases, which he argues would require the court to issue a self-defense instruction because, he alleges, there was evidence that he acted in self-defense. (*See* Appellant's Brief, at 16-17). However, neither case is applicable here because Appellant did not use force against an imminent threat, but rather threatened to kill a police officer who was not even present. *See Commonwealth v. Rittle* 428 A.2d 168, 170 (Pa. Super. 1981) (concluding that appellant was entitled to use of force in self-protection charge where evidence demonstrated victim was initial aggressor and put appellant in fear of imminent serious bodily injury); *Commonwealth v. Bailey*, 471 A.2d 551, 553 (Pa. Super. 1984) (concluding that jury should have been instructed on self-defense where

evidence demonstrated that simple assault on victim was self-defense reaction to victim's assault on defendant).

Here, Appellant has not provided, nor has our review of case law revealed, any legal authority requiring the trial court to issue a self-defense instruction for a charge of terroristic threats. (*See* Appellant's Brief, at 16-18). Furthermore, we are not persuaded that Appellant was ever in imminent fear of serious bodily injury where he merely claims that Officer Lehman shined a spotlight into his house and allegedly had falsely arrested Appellant and his wife. (*See id.* at 16); *Rittle*, *supra* at 170. Accordingly, Appellant's first issue, even if properly preserved, would not merit relief.

In his second issue, Appellant claims that the trial court erred in denying his motion for a judgment of acquittal based upon free speech protections. (*See* Appellant's Brief, at 19-20). Specifically, he argues that his comments should have been protected because he was raising an issue of police misconduct at a public meeting, which he alleges is protected speech under *Watts v. United States*, 394 U.S. 705 (1969). (*See id.*). We disagree.[3]

_____

[3] Preliminarily, we note that Appellant has failed to develop properly his argument. In his three-paragraph argument section, he has cited only boilerplate law and has failed to apply the law to the facts and circumstances of this case. *See Commonwealth v. Knox*, 50 A.3d 732, 748 (Pa. Super. 2012), *appeal denied*, 69 A.3d 601 (Pa. 2013).

Our standard of review of an order denying a motion for judgment of acquittal is well settled.

> A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge.
>
> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hutchinson*, 947 A.2d 800, 805-06 (Pa. Super. 2008), *appeal denied*, 980 A.2d 606 (Pa. 2009) (citations and emphasis omitted).

"Under section 2706, one commits terroristic threats either by threatening a crime of violence with specific intent to cause terror (subsection 1), or by threatening anything that causes terror with reckless disregard of the risk of causing terror (subsection 3)." *Commonwealth v.*

*Walker*, 836 A.2d 999, 1001 (Pa. Super. 2003), *appeal denied*, 853 A.2d 361 (Pa. 2004) (citing 18 Pa.C.S.A. § 2706(a)).

Threatening speech, such as that encompassed within the crime of terroristic threats, may be prevented without infringing upon constitutional rights.

> [T]he right to free speech is not absolute, and certain well-defined, limited classes of speech may be prevented and punished without raising constitutional problems. . . . Only true threats fall within that group of expressions, such as fighting words, which are not constitutionally protected pure speech. A true threat is one which on its face and in the circumstances in which it is made is so unequivocal, unconditionally immediate and specific as to the person threatened, as to convey a gravity of purpose and imminent prospect of execution.

*Commonwealth v. Baker*, 722 A.2d 718, 721–22 (Pa. Super. 1998), *affirmed*, 766 A.2d 328 (Pa. 2001) (citations and quotation marks omitted).

Here, we agree with the trial court's conclusion that Appellant's statement, that he would kill Officer Lehman if he stepped onto his property, constituted a true threat where he made a specific threat against Officer Lehman, which Officer Lehman testified he took seriously. (*See* N.T. Trial, 4/22/15, at 48, 57, 70, 81-82). Appellant's statement does not simply constitute raising a matter of police misconduct at a public meeting. We agree with the trial court's conclusion that Appellant's statement is distinguishable from the political speech protected under *Watts*, *supra* because it was specific to Officer Lehman, was not expressly conditional, and the listeners took the threats seriously. (*See* Trial Ct. Op., at 6-8) ("[Appellant] threatened to kill Officer Lehman. That is clear and

- 7 -

unequivocal; he cannot now hide behind a constitutional protection which was enacted so that the polis could articulate anti-government sentiment without the prospect of retaliation."). Accordingly, we conclude that, because the statement was not protected speech, the Commonwealth presented sufficient evidence to establish the elements of terroristic threats beyond a reasonable doubt, and therefore the trial court did not err in denying Appellant's motion for judgment of acquittal. **See Hutchinson**, **supra** at 805-06; **Walker**, **supra** at 1001. Appellant's second issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/2016