J-S27031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN WAYNE BENDER | : | |
| | : | |
| Appellant | : | No. 1557 WDA 2018 |

Appeal from the PCRA Order Entered September 26, 2018
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000801-2000

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN WAYNE BENDER | : | |
| | : | |
| Appellant | : | No. 1559 WDA 2018 |

Appeal from the Order Entered September 26, 2018
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000801-2000

BEFORE: OLSON, J., OTT, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.: **FILED MAY 24, 2019**

Appellant, Steven Wayne Bender, *pro se*, appeals from the order entered September 26, 2018, that dismissed his seventh petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing. We affirm.

---

[1] 42 Pa.C.S. §§ 9541–9546.

---

\* Retired Senior Judge assigned to the Superior Court.

In 2001, a jury convicted Appellant of murder of the second degree[2]

and related charges for the killing of his estranged wife's new boyfriend. On

direct appeal,

> Appellant claim[ed] that the trial court erred in denying his request for instructions on the use of deadly force for the protection of others and to prevent the commission of a crime. In both such instances, the charge "must be given upon request where the jury would have a possible basis for finding it." **Commonwealth v. [Carl] Brown**, 421 A.2d 660, 662 (Pa. 1980). We have reviewed [the trial court]'s opinion, dated November 16, 200[1], and we conclude that the trial court was correct in determining that there was no basis for the jury finding for Appellant on either one of these defenses. We adopt that portion of [the trial court]'s opinion discussing this issue for purposes of further appellate review.

**Commonwealth v. Bender** ("**Bender I**"[3]), No. 1319 WDA 2001,

unpublished memorandum at 16-17 (Pa. Super. filed December 31, 2002).

The above-referenced portion of the trial court opinion is as follows:

> The final issue raised by [Appellant] is that the [trial c]ourt erred in not giving the jury instruction of defense of others and preventing the commission of a crime. A trial court should not instruct the jury on legal principles that have no application to the facts presented at trial because it may cause confusion and place obstacles in the path of a true verdict. Pa.R.Crim.P. Rule 647 . . . [Appellant] requested an instruction for defense of others based on the **Commonwealth v. Stonehouse** case. 521 Pa[.] 41, 555 A.2d 772 (1989). **Stonehouse** dealt with the battered woman syndrome. The [Supreme] Court [of

---

[2] 18 Pa.C.S. § 2502(b).

[3] Our numbering scheme for abbreviated case names only includes Appellant's prior cases before this Court; we do not count previous trial court opinions, petitions for appeal to the Supreme Court of Pennsylvania, or federal cases for our naming system herein.

Pennsylvania] stated that physical and psychological abuse over a long period of time might be considered when determining the circumstances regarding the reasonableness of defendant's fear to cause provocation. *Id*[*.*] at 60. The [C]ourt . . . stated "the ultimate test for adequate provocation remains whether a reasonable man, confronted with this series of events, became impassioned to the extent that his mind was incapable of cool reflection." In this case there is no evidence of physical or psychological abuse occurring to either [Appellant] or his daughter. There are no series of events leading up to the act. The requirements for 18 Pa. Cons. Stat. Ann. Section 506 - Justification, use of force for the protection of other persons, are that the use of force upon or toward another person is justifiable when (1) the defendant would be justified under §505 (self-defense) in using such force to protect himself against the injury he believes to be threatened to the other person he seeks to protect, (2) defendant believes the circumstances would justify the person he is seeking to protect to use such protective force, and (3) defendant believes intervention is necessary for the protection of such other person. Section 505 states that use of force toward another is justifiable when defendant believes such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person. 18 Pa. Cons. Stat. Ann. §505. Section 505(b)(2) states that deadly force is not justifiable under this section unless defendant believes such force is necessary to protect himself against death, serious bodily injury, kidnapping or sexual intercourse compelled by force or threat. *Id.* **[Appellant] testified that when he opened the door where his daughter was he saw [the murder victim] sleeping and holding [the child]'s hand on his penis. (N.T., July 12, 2001, at 107). Then he stated [the murder victim] lunged at him and he fired the gun. (N.T., July 12, 2001, at 108).** These circumstances do not meet the requirements for use of force for the protection of another. [Appellant's child] was not in immediate danger of death, serious bodily injury, kidnapping or sexual intercourse compelled by force or threat nor was unlawful force being used against her. Therefore [Appellant]'s request for this instruction was properly denied.

Trial Court Opinion, filed November 16, 2001, at 8-9 (emphasis added)

(some formatting).

On December 31, 2002, this Court affirmed the judgment of sentence in its entirety. ***Bender I***, No. 1319 WDA 2001, unpublished memorandum at 1.

Appellant thereafter unsuccessfully assailed his conviction in state[3] and federal[4] court.

[3] ***See Commonwealth v. Bender***, 876 A.2d 459 (Pa. Super. 2005) (unpublished memorandum) (affirming denial of first PCRA petition); ***Commonwealth v. Bender***, 964 A.2d 428 (Pa. Super. 2008) (unpublished memorandum) (affirming denial of second PCRA petition), *appeal denied*, 971 A.2d 488 (Pa. 2009); ***Commonwealth v. Bender***, 22 A.3d 1054 (Pa. Super. 2010) (judgment order) (affirming denial of third PCRA petition); ***Commonwealth v. Bender***, 47 A.3d 1233 (Pa. Super. 2012) (unpublished memorandum) (affirming denial of fourth PCRA petition); ***Commonwealth v. Bender***, 53 A.3d 924 (Pa. Super. 2012) (unpublished memorandum) (affirming denial of motion for post-conviction DNA testing); ***Commonwealth v. Bender***, 82 A.3d 455 (Pa. Super. 2013) (unpublished memorandum) (affirming denial of fifth PCRA petition).

[4] ***Bender v. Wydner***, No. 05-998, 2006 WL 1788312 (W.D. Pa. June 28, 2006) (denying petition for writ of *habeas corpus*); ***Bender v. Wydner***, No. 05-998, 2013 WL 3776746 (W.D. Pa. July 15, 2013) (denying motion for relief from judgment), *appeal dismissed*, No. 13-1174 (3d Cir. June 10, 2013), *cert. denied sub nom.*, ***Bender v. Walsh***, 134 S. Ct. 2303 (2014).

***Commonwealth v. Bender*** ("***Bender VIII***"), No. 1637 WDA 2014, unpublished memorandum at 1-2 (Pa. Super. filed March 17, 2015).

Amongst those unsuccessful state petitions was Appellant's motion for post-conviction DNA testing pursuant to 42 Pa.C.S. § 9543.1 on March 23, 2011. ***Commonwealth v. Bender*** ("***Bender VI***"), 53 A.3d 924, No. 107

WDA 2012, unpublished memorandum at 1, 4 (Pa. Super. filed June 4, 2012). This Court stated:

> Appellant claimed at trial that the victim was sexually molesting his then two-year old daughter, so he entered the house and bedroom to take his daughter away, and shot the victim when he lunged at Appellant.[2] (**See id.**, 7/12/01, at 108).
>
> > [2] Appellant did not in fact remove his daughter. (**See** N.T. Trial, 7/12/01, at 132).
>
> . . .
>
> When reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements set forth in PCRA section 9543.1. . . .
>
> > In any motion under subsection (a) [authorizing application for DNA testing], under penalty of perjury, the applicant shall . . . specify the evidence to be tested; [ ] assert the applicant's actual innocence of the offense for which the applicant was convicted; and . . . present a *prima facie* case demonstrating that the:
> >
> > > (i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and
> > >
> > > (ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:
> > >
> > > > (A) the applicant's actual innocence of the offense for which the applicant was convicted[.]
>
> 42 Pa.C.S.A. § 9543.1(c).
>
> Here, Appellant argues, in effect, that DNA evidence could link the deceased victim to his claim at trial that the victim was molesting his then two-year old daughter. (**See** Appellant's Brief, at 15). Appellant posits that such evidence would warrant reconsideration of his claim of "defense of another" at trial. . . .
>
> [T]he PCRA court properly determined that Appellant's basic DNA claim does not merit relief. The most obvious defect of

Appellant's argument at the hearing and on appeal is his bald, unsupported attempt to use his claimed suspicions of molestation by the victim to make the victim the "perpetrator" within the meaning of the PCRA DNA testing statute. (**See, e.g.**, Appellant's Brief, at 9, 11, 24); **see also** 42 Pa.C.S.A. § 9543.1(c)(3)(i) (applicant must "present a *prima facie* case demonstrating that the . . . identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing[.]").

In this case, Appellant is the perpetrator, and the only perpetrator, of the crimes for which the jury convicted him. Appellant's attempt to make the victim the perpetrator is unsupported by law or fact, and is, therefore, frivolous and utterly without merit. Indeed, Appellant concedes that he shot the victim; he only argues that he had a reason. That is not enough to satisfy the statutory requirements. Thus, Appellant fails to show that "DNA testing of the specific evidence, assuming exculpatory results, would establish . . . the applicant's **actual innocence of the offense for which the applicant was convicted**[.]" **Id.** at § 9543.1(c)(3)(i) (ii) (emphasis added). . . . DNA evidence, even if found, would not disprove Appellant's conceded identity as the shooter.

**Id.** at 2, 5-9.

On March 17, 2015, this Court affirmed the dismissal of Appellant's PCRA petition immediately prior to the current one -- his sixth, not counting the motion for DNA -- in which Appellant had challenged the propriety of the boilerplate form he had used to file his first *pro se* PCRA petition. **Bender VIII**, No. 1637 WDA 2014, unpublished memorandum at 1, 3.

On May 23, 2018, Appellant *pro se* filed the current PCRA petition, his seventh. Appellant concedes that the petition is untimely, as it "is outside the one-year statutory limit," because it was not "filed within one year of the date that [his] conviction became final[.]" PCRA Petition, 5/23/2018, at 2 (citing 42 Pa.C.S. § 9545(b)(1)). However, he alleges that the

"governmental interference exception" to the time bar applies, because "prior district attorneys" interfered with his ability to present evidence, such as "suppressed" "material DNA discovery" that the murder victim sexually abused children, including Appellant's child.  PCRA Memorandum of Law, 05/23/2018, at i-ii (unnecessary capitalization omitted).  He continues that this "governmental interference" prevented him from presenting "substantive defenses of (1) . . . use of force for the protection of other persons [and] (2) use of force to prevent the commission of crime."  *Id.* at i-ii, 1 (unnecessary capitalization omitted).  Appellant summarizes:

> This continuing governmental interference violates deeply rooted public policy of the Commonwealth thus not subjecting this matter to 42 Pa.C.S. § 9544 (Previous litigation and waiver) as this matter is an on-going and continuing governmental interference of, inter alia, ignoring, covering-up, suppressing and intentionally misstating material evidence and testimony of sexual abuse of children in violation of substantive based laws enacted by the Pennsylvania legislature and additional substantive based laws as demonstrated supra.

*Id.* at 1.

On June 25, 2018, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907.  Appellant filed a response dated July 8, 2018, and entered on the docket on July 12, 2018.  The response did not request to amend the PCRA petition.  On September 26, 2018, the PCRA court dismissed Appellant's petition.  According to the certified docket, the dismissal order was not mailed to Appellant until October 1, 2018.

Appellant filed a notice of appeal and a concise statement of errors complained of on appeal on October 29, 2018, and a second notice of appeal and concise statement of errors on October 31, 2018. This Court consolidated the appeals on November 20, 2018.[4]

Appellant presents the following issues for our review:

1. Whether the [PCRA] court abused its discretion when the [PCRA] court notified Appellant in the 08/28/18[5] order that Appellant's 07/08/18 objections to the court's 06/25/18 order of it "907 Notice of Intent to Dismiss" were not filed where the certified docket entry of 07/12/18 patently demonstrate that Appellant's material and pertinent objections were timely filed warranting a remand for adjudication of the substantive merits?

2. Whether the [PCRA] court abused its discretion in denying Appellant's subsequent PCRA invoking 42 Pa.C.S. § 9545(b)(1)(i) (governmental interference exception) and ruling on the substantive merits that are demonstrated in the pertinent and material pleading and facts of record that implicate matter of Federal and Commonwealth deeply rooted public policy?

3. Should not the [PCRA] court enter an order of recusal in the important public policy related matter where the [PCRA] court's action/inaction itself constitutes further governmental interference with the presentation of Appellant's substantive based claims?

Appellant's Brief at 4.

---

[4] On January 29, 2019, the PCRA court entered a statement in lieu of opinion.

[5] Nothing appears on the certified docket or in the certified record for August 28, 2018. We believe that Appellant is referring to the PCRA dismissal order from September 26, 2018.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." **Commonwealth v. Medina**, 2019 PA Super 119, *8 (filed April 17, 2019) (quoting **Commonwealth v. Lavar Brown**, 196 A.3d 130, 150 (Pa. 2018)).

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, "unless the petition alleges and the petitioner proves" one of the three exceptions to the time limitations for filing the petition set forth in section 9545(b) of the statute. **See** 42 Pa.C.S. § 9545(b)(1).[6] In

---

[6] The three exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

the current action, the PCRA court concluded that it lacked jurisdiction over Appellant's seventh PCRA petition, because the petition was untimely and failed to satisfy any exception to the PCRA's time bar.

"[T]he date on which the judgment of sentence became final . . . in this case is January 30, 2003, one year after Appellant's time to petition for allowance of appeal to our Supreme Court expired. Appellant's petition plainly does not meet the time bar." **Bender VIII**, No. 1637 WDA 2014, unpublished memorandum at 2-3.

Appellant attempts to invoke the "governmental interference" exception to the time bar, 42 Pa.C.S. § 9545(b)(1)(i). PCRA Memorandum of Law, 05/23/2018, at i-ii, 1. Appellant appears to be arguing that the district attorney interfered by preventing him from submitting evidence at his trial that the victim was sexually abusing children, including Appellant's daughter. PCRA Memorandum of Law, 05/23/2018, at i-ii; Appellant's Brief at 5-6, 11-12, 19, 51. He contends:

> These governmental officials have consistently distorted, misstated and deliberately attempt to cover-up and suppress material physical, documented and testimonial evidence involving sexual abuse of children. In violation of duly promulgated statutes (laws), rules of evidence and deeply rooted public policy where this continuing governmental interference is "in violation of the U.S. Const. or Pa. Const. or laws" providing the [PCRA] court with jurisdiction. It is beyond dispute that an untimely PCRA must invoke an exception to 42 Pa.C.S. § 9545(b) for a court to have jurisdiction to adjudicate the merits of a PCRA.

Appellant's Brief at 11-12; **see also** PCRA Memorandum of Law, 05/23/2018, at 1. He additionally argues that he "can present the material DNA that has been suppressed by these governmental officials that clearly constitute governmental interference of exposing sexual abuse of children." Appellant's Brief at 21; **see also** PCRA Memorandum of Law, 05/23/2018, at i-ii.

Appellant provides no explanation as to how or why district attorneys or any other government official interfered in his ability to present evidence. **See generally** Appellant's Brief; PCRA Memorandum of Law, 05/23/2018. The PCRA requires that "the petitioner **proves**" one of the three exceptions, 42 Pa.C.S. § 9545(b)(1) (emphasis added), which Appellant has failed to do.

Additionally, the governmental interference exception to the PCRA time bar requires that "**the failure to raise the claim previously** was the result of interference by government officials . . ." **Id.** § 9545(b)(1)(i) (emphasis added). Appellant could not have "fail[ed] to raise the claim previously," **id.**, because he gave testimony during trial in support of his allegation that the murder victim sexually abused Appellant's child, thereby justifying Appellant's actions as defense of others and prevention of the commission of a crime. Trial Court Opinion, filed November 16, 2001, at 8-9 (citing N.T., 7/12/2001, at 107-08). Appellant also raised this claim on direct appeal, **Bender I**, No. 1319 WDA 2001, unpublished memorandum at 16-17, and in a prior post-conviction motion, **Bender VI**, No. 107 WDA

2012, unpublished memorandum at 1-2, 4-9; accordingly, again, Appellant could not have "fail[ed] to raise the claim" pursuant to 42 Pa.C.S. § 9545(b)(1)(i). Appellant is merely attempting to re-litigate a claim he lost on direct appeal over a decade-and-a-half ago and on collateral review over six years ago.

Appellant thus has not established an exception to the timeliness requirement under 42 Pa.C.S. § 9545(b)(1). Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claim and properly dismissed his petition.

Having discerned no error of law, we affirm the order below. **_Medina_**, 2019 PA Super 119, *8.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/24/2019

- 12 -